ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

X

NATIONAL CREDIT UNION ADMINISTRATION
BOARD, as Liquidating Agent of U.S. Central Federal
Credit Union, Western Corporate Federal Credit Union,
Members United Corporate Federal Credit Union, and
Southwest Corporate Federal Credit Union,

and

GRAEME W. BUSH, as Separate Trustee of NCUA
GUARANTEED NOTES TRUST 2010-R1, NCUA
GUARANTEED NOTES TRUST 2010-R2, NCUA
GUARANTEED NOTES TRUST 2010-R3, and
NCUA GUARANTEED NOTES TRUST 2011-M1,

Plaintiffs,

-against-

U.S. BANK NATIONAL ASSOCIATION

Defendant.

X

Case No. 18-cv-11366

Hon. Louis L. Stanton

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/23/2020

## JOINT STIPULATION AND
## [PROPOSED] CONFIDENTIALITY AND PROTECTIVE ORDER

‘L LS

This matter comes before the Court by stipulation of the Plaintiffs National Credit Union

Administration Board ("NCUA Board"), acting in its capacity as Liquidating Agent for each of

U.S. Central Federal Credit Union ("U.S. Central"), Western Corporate Federal Credit Union

("WesCorp"), Members United Corporate Federal Credit Union ("Members United"), and

Southwest Corporate Federal Credit Union ("Southwest") (collectively, the "CCUs") and Graeme

W. Bush, as Separate Trustee of NCUA Guaranteed Notes Trust 2010-R1 ("NCUA 2010-R1

Trust"); NCUA Guaranteed Notes Trust 2010-R2 ("NCUA 2010-R2 Trust"); NCUA Guaranteed

Notes Trust 2010-R3 ("NCUA 2010-R3 Trust"); and NCUA Guaranteed Notes Master Trust

("NCUA 2011-M1 Trust") (in such capacity, the "Separate Trustee," and together with the NCUA

Board, "Plaintiffs") and Defendant U.S. Bank National Association ("U.S. Bank," and together

with the Plaintiffs, the "Parties"), for the entry of a protective order pursuant to Rule 26(c) of the

Federal Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence, limiting the

review, copying, dissemination, and filing of confidential and/or proprietary Documents and

information to be produced by the Parties or their respective counsel, or by any non-party, in the

course of discovery in this matter to the extent set forth below (the "Stipulation and Order").

Having found that the Parties, by, between, and among their respective counsel, have stipulated

and agreed to the terms set forth herein, and good cause having been shown,

IT IS ORDERED that:

1. This Stipulation and Order is being entered into to facilitate the production, exchange, and discovery of Documents and information that the Parties agree merit confidential treatment. This Stipulation and Order shall govern the handling of Documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, responses to requests for production, and any other information or material produced, given or exchanged by and among the Parties and any non-parties to the above-captioned action (the "Litigation") in connection with discovery in the Litigation (such information or material hereinafter referred to as "Discovery Material").

2. A Producing Party (as defined below) may designate Discovery Material in connection with this Litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" either by notation on the Document, statement on the record of a deposition, written notice to counsel

for the Parties hereto, or by other appropriate means. In the case of Documents produced in native, electronic form, the confidentiality can be designated on the placeholder sheet produced along with that Document, or in a confidentiality metadata field. A Producing Party (as defined below) who designates any Discovery Material "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" bears the burden of establishing the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" status of such Discovery Material in any situation in which the designation is at issue, and nothing in this Stipulation and Order shall be construed to alter such burden.

3. As used herein:

(a) "Party" shall mean one of Plaintiffs or Defendant, and, Defendant together with Plaintiffs, the "Parties".

(b) "Confidential Information" shall mean all Discovery Material, and all information contained therein, and other information designated as "CONFIDENTIAL," that the Producing Party (as defined below) reasonably and in good faith believes constitutes and/or contains (i) any trade secret or other confidential non-public research, design, development, financial or commercial information, as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G) and any applicable case law interpreting Federal Rule of Civil Procedure 26(c)(1)(G) or (ii) Non-Party Borrower Information (as defined below). In addition, a Producing Party (as defined below) may designate as "CONFIDENTIAL" non-public personal information, other sensitive personally identifiable information (such as Social Security numbers, dates of birth, home addresses, phone numbers, email addresses) or other information for which applicable federal or state law requires confidential treatment.

3

(c) "Document" shall have the meaning assigned in Local Rule 26.3, and shall also include any recorded form of information, whether in printed, electronic, or other format, and including deposition transcripts, answers to interrogatories, and other discovery requests and responses.

(d) "Highly Confidential Information" shall mean all Discovery Material, and all information contained therein, and other information designated as "HIGHLY CONFIDENTIAL," that the Producing Party (as defined below) reasonably and in good faith believes, at the time of designation, constitutes and/or contains (i) current trade secrets, proprietary business information, or other information the disclosure of which would result in competitive, commercial or financial harm to the Producing Party (as defined below) or its personnel, clients or customers if disclosed or (ii) Non-Party Borrower Information (as defined below). Should a Producing Party identify categories of Documents in addition to those identified in this paragraph that the party wishes to designate as "HIGHLY CONFIDENTIAL," the Parties shall meet and confer in good faith regarding the Producing Party's proposed designation and, if the Parties are unable to reach agreement on the proposed designation, each Party expressly reserves the right to seek appropriate relief from the Court.

(e) "Non-Party Borrower Information" shall mean any information that constitutes "nonpublic personal information" within the meaning of the Gramm-Leach Bliley Act, 15 U.S.C. § 6802, *et seq.* and its implementing regulations, including, but not limited to, any portion of a mortgage loan file, spreadsheet or other Document or data set that includes financial or credit information for any person (including any credit history, report or score obtained on any such person to determine the individual's eligibility for

4

credit) together with personally identifiable information with respect to such person, including, but not limited to, name, address, Social Security number, loan number, telephone number, or place or position of work. As set forth in Paragraph 37 below, this Stipulation and Order authorizes the disclosure of such Non-Party Borrower Information in this Litigation.

(f) "Protected Information" shall mean Confidential Information and Highly Confidential Information, collectively.

(g) "Producing Party" shall mean the Party to this Litigation who gives testimony or produces Documents or other materials containing Protected Information and/or any non-party producing or giving testimony concerning Protected Information in connection with discovery in this Litigation, or the Party asserting the confidentiality designation, as the case may be.

(h) "Receiving Party" shall mean the Party to this Litigation and/or any non-party receiving Protected Information in connection with discovery in this Litigation.

4. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of Discovery Material as Confidential Information or Highly Confidential Information. The Parties shall meet and confer in good faith regarding any such disagreement over the classification of Discovery Material and if the Producing Party does not agree to change the designation of such Discovery Material, the Receiving Party may move the Court for an order removing the designation of such Discovery Material as Protected Information. Upon such a motion, the Producing Party shall bear the burden to prove that the Discovery Material in question is Protected Information. If such a motion is filed, the Discovery Material shall be deemed Protected Information, with the

5

same confidentiality designation as asserted by the Producing Party, unless and until the Court rules otherwise.

5. In order to expedite the production of voluminous materials, a Producing Party may, but is not required to, produce materials without a detailed review for confidentiality designation and may designate collections of Documents that, by their nature, contain Confidential Information as "CONFIDENTIAL," notwithstanding that some of the documents within the collection may not qualify for such designation. A Party's "bulk" designation of Documents shall not constitute waiver of any Party's rights set forth in Paragraph 20 of this Stipulation. Notwithstanding the foregoing, a Receiving Party may at any time challenge the designation of one or more particular Documents on the grounds that the Document(s) do not qualify for protection, including as provided in Paragraphs 4 and 29 of this Stipulation and Order.

6. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except:

(a) counsel for the Parties to this Litigation and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Litigation for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised of their obligations hereunder;

(b) expert witnesses or consultants who are employed or retained by a Party in connection with the prosecution or defense of this Litigation, and members of the expert witnesses' or consultants' staff working under the expert witnesses' or consultants' supervision,

6

provided, however, that such Confidential Information is furnished, shown or disclosed to them in accordance with Paragraph 8 hereof;

(c) third-party vendors or consultants retained by the Parties or their counsel to furnish technical services in connection with this Litigation and who have been advised of their obligations hereunder;

(d) the Court and Court personnel, if filed in accordance with Paragraph 15 hereof;

(e) an officer before whom a deposition is taken, including stenographic reporters, videographers and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with Paragraph 12(a)-(b) hereof;

(f) trial and deposition witnesses, if furnished, shown or disclosed in accordance with Paragraphs 11 and 12(a)-(b), respectively, hereof;

(g) personnel of the Parties (including in-house counsel) actually engaged in assisting in the preparation of this Litigation for trial or other proceeding herein and who have been advised of their obligations hereunder, including individuals at U.S. Bank holding the position of vice president or above with responsibility for litigation and disputes or oversight of this Litigation;

(h) former personnel of the Parties actually engaged in assisting in the preparation of this Litigation for trial or other proceeding herein provided, however, that such Confidential Information is furnished, shown, or disclosed to them in accordance with Paragraph 8 hereof;

(i) any mediator or arbitrator engaged by the Parties to this Litigation;

(j) the insurers and reinsurers of the Parties to this Litigation, and counsel to such insurers and reinsurers as necessary for the prosecution or defense of this Litigation; and

(k) any other person agreed to by the Parties.

7. No disclosure of Highly Confidential Information may be made to any person or entity other than:

(a) counsel for the Parties to this Litigation and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this Litigation for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised of their obligations hereunder.  Disclosure to in-house counsel, paralegals, and other professional personnel (including support staff) shall be limited to those in-house counsel providing legal advice in connection with this Litigation and the paralegals and other professional personnel supporting such in-house counsel, and Highly Confidential Information may not be disclosed to any officers, directors, employees or agents of a Party, including other in-house counsel.  For the avoidance of doubt, Highly Confidential Information disclosed to in-house counsel, paralegals, and other professional personnel may not be used for any business or other purpose unrelated to the prosecution or defense of this Litigation;

(b) expert witnesses or consultants who are employed or retained by a Party in connection with the prosecution or defense of this Litigation, and members of the expert witnesses' or consultants' staff working under the expert witnesses' or consultants' supervision, provided, however, that such Highly Confidential Information is furnished, shown or disclosed in accordance with Paragraph 8 hereof.  Such disclosure shall only be to the extent reasonably necessary for such expert witness or consultant to perform his or her work;

8

(c) third-party vendors or consultants retained by the Parties or their counsel to furnish technical services in connection with this Litigation and who have been advised of their obligations hereunder;

(d) the Court and Court personnel, if filed in accordance with Paragraph 15, hereof;

(e) an officer before whom a deposition is taken, including stenographic reporters, videographers and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with Paragraph 12(a)-(b) hereof;

(f) trial and deposition witnesses, if furnished, shown or disclosed in accordance with Paragraphs 11 and 12(a)-(b), respectively, hereof;

(g) any mediator or arbitrator engaged by the Parties to this Litigation; and

(h) any other person agreed to by the Parties.

8. Before any disclosure of Protected Information is made pursuant to Paragraphs 6(b) or 6(h), or 7(b) hereof, counsel for the Receiving Party shall obtain from the intended recipient of the Protected Information such person's written undertaking, in the form of Exhibit A attached hereto, to comply with and be bound by its terms.

9. Protected Information shall be utilized by the Receiving Party only for purposes of this Litigation, or the enforcement of insurance rights with respect to this Litigation, and for no other purposes.

10. All depositions shall presumptively be treated as Confidential Information subject to this Stipulation and Order during the deposition and until fifteen (15) days after the final transcript of said deposition is received by counsel for each of the Parties, unless otherwise specified in writing or on the record of the deposition by the Producing Party. At or before the end of such fifteen (15) day period, the deposition, or pages thereof, may be designated

9

for future purposes as Confidential Information or Highly Confidential Information by any Party or, where applicable, by the non-party providing the deposition testimony.

11. Should the need arise for any of the Parties to disclose Protected Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such Party may do so only after taking such steps as the Court shall deem necessary to preserve the confidentiality of such Protected Information.

12. This Stipulation and Order shall not preclude counsel for the Parties from using Protected Information during any deposition in this Litigation, provided that prior to any such use, the Party intending to use Protected Information shall: (a) provide a copy of this Stipulation and Order to the witness, and others to whom disclosure is intended to be made; (b) explain the Stipulation and Order to said persons and/or cause them to read the Stipulation and Order; and (c) obtain from said persons properly executed undertakings, in the form of Exhibit A attached hereto, if such persons are not covered by Paragraphs 6 and 7 of this Stipulation and Order.  Should any person refuse to execute the undertaking before or at the deposition, counsel for the Parties may still use the Protected Information during the deposition, and the Parties agree that the use of such Protected Information during the deposition shall not negate its treatment as Protected Information pursuant to this Stipulation and Order.  Counsel shall retain copies of the signed "Exhibit A" forms until the termination of this Litigation.  The Parties shall act in good faith to eliminate, whenever possible, the expenditure of "on the record" time to effectuate or confirm compliance with this paragraph at any deposition.

13. A Party may designate as Confidential Information any Discovery Material produced or given by any non-party to this case, or any portion thereof.  In the case of Documents,

designation shall be made by notifying all counsel, in writing, of those Documents that are

to be stamped and treated as Confidential Information at any time up to thirty (30) days

after actual receipt of copies of those Documents by counsel for the Party asserting the

confidentiality designation.  Prior to the expiration of such thirty (30) day period (or until

a designation is made by counsel, if such a designation is made in a shorter period of time),

all such Documents shall be treated as Confidential Information.  In the case of testimony,

designation shall be made by notifying all counsel, in writing, of those portions of a

transcript which are to be stamped or otherwise treated as Confidential Information at any

time up to thirty (30) days after the final transcript is received by counsel for the Party

asserting the confidentiality designation.

14. Disclosing parties shall designate and treat "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL" material as follows:

   (a) In the case of Documents, interrogatory answers, responses to requests to admit, and
the information contained therein, designation shall be made by marking or stamping
each page as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate,
prior to its production or disclosure to the Receiving Party.  Electronically stored
information (other than that produced in native form) designated as
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be marked or stamped as
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate, using means
sufficient to ensure that every page of such Document, when printed, contains the
appropriate mark or stamp.  In addition to the methods set forth in paragraph 2, the
parties may designate electronically stored information produced in native format by

11

including any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation in the file name.

(b) In the event that a disclosing party inadvertently fails to stamp or otherwise designate a Document or other material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time of its production, that disclosing party may stamp or otherwise designate the Document or other material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at any reasonable time thereafter.  The delay in so designating a Document shall not, in and of itself, be deemed to have effected a waiver of any of the protections of this Stipulation and Order, and parties will make reasonable efforts to claw back any previously disseminated undesignated Documents that are later designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

(c) Any "CONFIDENTIAL" material produced in a non-paper media (*e.g.*, videotape, audiotape, computer disc) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL."  In the event a Receiving Party generates any electronic copy, "hard copy," transcription, or printout from any such designated non-paper media, such party must treat each copy, transcription, or printout as "CONFIDENTIAL" pursuant to the terms of this Stipulation and Order.

15. As to the filing of Discovery Material that has previously been designated as comprising or containing Protected Information, any Receiving Party who seeks to file with the Court any Discovery Material that has previously been designated by any Producing Party as comprising or containing Protected Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses Protected Information, shall either (a) obtain

the Producing Party's permission to remove the confidentiality designation for the Protected Information, or (b) obtain leave of the Court to file the Discovery Material under seal. The sealing request shall include (1) one full set of the documents with the words, phrases, or paragraphs to be redacted highlighted, and; (2) one partial set of solely those pages on which the party seeks to redact material. If leave is granted, Parties shall file redacted copies with the Clerk of Court.. The Parties shall use their best efforts to minimize such sealing. The Parties will comply with Federal Rule of Civil Procedure 5.2 pertaining to redacted filings and shall refrain from including, or shall partially redact where inclusion is necessary, personal data identifiers from all documents filed with the Court or used as exhibits in any hearing or at trial, unless otherwise ordered by the Court. In the event that any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material is filed, such material, and any pleadings, motions or other papers filed with the Court disclosing any such material, shall be filed in compliance with Federal Rule of Civil Procedure 26(c).

16. Any person receiving Protected Information shall not reveal or discuss such information with any person not entitled to receive such information under the terms hereof.

17. The recipient of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material that is provided under this Stipulation and Order shall maintain such material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such material as is exercised by the recipient with respect to its own proprietary material.   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" material shall not be copied, reproduced, summarized, extracted or abstracted, except to the extent that such copying, reproduction, summarization, extraction

13

or abstraction is reasonably necessary for the conduct of this Litigation.  All such copies, reproductions, summarizations, extractions, and abstractions shall be subject to the terms of the Stipulation and Order and labeled in the same manner as the designated material on which they are based.

18. Any Discovery Material that may contain Protected Information that has been produced without identification as to its protected nature as provided in Paragraphs 2 and/or 13 of this Stipulation and Order, may be so designated by the Party asserting the confidentiality designation by written notice to the undersigned counsel for the Receiving Party identifying the Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" within a reasonable time following the discovery that the Document or information has been produced without such designation.  Promptly after providing such notice, the Producing Party shall provide re-labeled copies of the Discovery Material to the Receiving Party reflecting the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation.  The Receiving Party shall replace the originally designated Discovery Material with the newly designated Discovery Material and shall destroy the originally designated Discovery Material or return such material to the Producing Party.  To the extent such information may have been disclosed to anyone not authorized to receive Confidential Information or Highly Confidential Information, as applicable, the Receiving Party shall make reasonable efforts to retrieve the information promptly and to avoid any further disclosure.

19. Extracts and summaries of Protected Information shall also be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with the provisions of this Stipulation and Order.

20. The production or disclosure of Protected Information shall in no way constitute a waiver of each Party's right to object to the production or disclosure of other information in this Litigation or in any other action.

21. To the maximum extent permitted by law, the undersigned agree, and the Court orders, that the production of documents by a Producing Party shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502 regarding production of documents, electronically stored information, or information protected by the attorney-client privilege, the work product doctrine, or any other privilege or protection from disclosure recognized under applicable law. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502.

22. The procedure set forth below is intended to provide the Producing Party or any other party purporting to hold a privilege with an efficient method for retrieving or "clawing back" Protected Information that has been produced, subject to any resolution of any dispute over the privileged or protected status of the Protected Information, and for foreclosing any arguments of waiver.

23. A Producing Party's disclosure in connection with this Litigation of one or more Documents that such Producing Party believes constitute, contain or reflect information otherwise protected by the attorney-client privilege, the common interest privilege, the work product doctrine, the bank examiners privilege, the deliberative process privilege or any other privilege or immunity from discovery ("Privileged Documents"), shall not constitute a waiver with respect to such Privileged Documents or generally of such privilege or immunity. If a Receiving Party receives materials that appear to be subject to an attorney-client privilege, the common interest privilege, the bank examiners privilege,

15

the deliberative process privilege or otherwise protected by a discovery privilege or immunity, the Receiving Party must refrain from further use or examination of the materials that may be privileged, and shall immediately notify the Producing Party, in writing, that he or she possesses material that appears to be privileged.  In the event a Producing Party discovers it has disclosed Privileged Documents, the Producing Party may provide notice to the other Parties advising of the disclosure and requesting return or destruction of the Privileged Documents.  Upon such notice, the Receiving Party shall make no further use or examination of the Privileged Documents and shall immediately destroy or return all original Documents identified by the Producing Party in such notice (whether electronic or hard copy), destroy or delete any and all copies (whether electronic or hard copy), and expunge from any other Document, information or material derived from the produced Privileged Documents.  To the extent the Receiving Party provided any disclosed Privileged Documents to any other person or non-party, the Receiving Party shall promptly make reasonable efforts to retrieve and destroy such Privileged Documents and notify the Producing Party that it has done so.  The party clawing back the produced Privileged Documents will provide the Receiving Party with a privilege log that reasonably identifies the basis for the assertion of privilege.

24. If, based on (1) the privilege log entries provided to the Receiving Party by the Producing Party, or (2) the Receiving Party's review of Documents that occurred prior to the assertion of privilege and claw-back, there is a dispute over whether the clawed back Documents at issue are protected from disclosure by virtue of a privilege or immunity from discovery, the original Documents shall nevertheless be immediately destroyed or returned to the Producing Party along with all copies (whether electronic or hard copy) thereof.  All

counsel shall undertake reasonable efforts to resolve the issue of whether the Documents are privileged without Court intervention. To the extent counsel cannot resolve the issue, the Receiving Party may bring a motion to compel production of the Privileged Documents, but may not assert as a ground for compelling production the fact or circumstance that the Privileged Documents had already been produced. In conjunction with such a motion, the Receiving Party may request the Court review *in camera* the clawed-back Documents at issue, and, if the Court so orders, the Producing Party shall provide the Privileged Documents under seal to the Court for *in-camera* review. In the event of a motion to compel production of the Privileged Documents, the burden is on the Producing Party to provide, in its opposition to the motion to compel, information regarding the content and context of the Privileged Documents sufficient to establish the applicability of any asserted privilege or immunity from discovery.

25. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Information it has received from a Producing Party to any person or in any circumstance not authorized under this Stipulation and Order, the Receiving Party must promptly, after discovery of the disclosure, (a) notify the relevant Producing Party in writing of the unauthorized disclosure(s) and the identity of such persons(s) to whom Protected Information was disclosed, (b) make reasonable efforts to retrieve all copies of the Discovery Material containing Protected Information from the person or persons to whom unauthorized disclosures were made (the "Unauthorized Recipient(s)"), (c) inform the Unauthorized Recipient(s) of all the terms of this Stipulation and Order, and (d) request the Unauthorized Recipient(s) to execute the undertaking attached hereto as Exhibit A.

17

26. The Parties will exchange privilege logs in a timely fashion to ensure that there is reasonable time for the resolution of any privilege disputes, and the production of any Documents in connection with such resolution, prior to the close of fact discovery. The Parties need not log: (a) privileged communications to or from counsel in connection with the Litigation; (b) documents created at the request of counsel in connection with the Litigation; or (c) privileged communications to or from counsel dated on or after June 18, 2014, or documents created at the request of counsel dated on or after June 18, 2014. Nothing in this Stipulation and Order prevents the Parties from meeting and conferring or negotiating separate agreements regarding privilege log creation, production, content, format, or related issues.

27. The Parties agree that they may not have an adequate remedy at law in the event that a court of competent jurisdiction determines that there is an actual or threatened breach of this Stipulation and Order by any Party and agree that, under such circumstances, the Parties may be entitled to specific performance and/or injunctive relief to enforce the terms hereof, in addition to any remedy to which they may be entitled at law or in equity.

28. The provisions of this Stipulation and Order shall be binding upon the Parties. All modifications of, waivers of and amendments to this Stipulation and Order must be in writing and signed by, or on behalf of, the Parties.

29. This Stipulation and Order is entered into without prejudice to the right of any Party to seek relief from, or modification of, this Stipulation and Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

30. This Stipulation and Order may be changed by further order of this Court, and without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

31. This Stipulation and Order has no effect upon, and shall not apply to, the Parties' use of their own Discovery Material for any purpose. Nothing herein shall impose any restrictions on the use or disclosure by a Party of Documents, materials or information designated as Protected Information that has been generated or obtained lawfully by such Party independently of the proceedings in this Litigation.

32. In the event that additional parties join or are joined in this Litigation, they shall not have access to Protected Information until the newly joined party, by its counsel, has executed and filed with the Court its agreement to be fully bound by this Stipulation.

33. The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same penalties and sanctions, as if this Stipulation had been entered by the Court.

34. If any Receiving Party is subpoenaed in any other action or proceeding, is served with a Document demand, a written request from a Member of a Committee of the United States Congress or a valid Freedom of Information Act request, or is otherwise compelled by law to produce Documents (collectively, a "Demand"), and such Demand seeks Discovery Material that was produced or designated as Protected Information, or that reflects or contains Protected Information, by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or electronic or facsimile transmission, within ten (10) business days of receipt of such Demand, to the Party or its counsel who produced or designated the material as Protected Information. The Receiving Party shall

not produce any of the Producing Party's Protected Information, unless Court-ordered or otherwise required by law, for a period of at least ten (10) days after providing the required notice to the Producing Party. If, within ten (10) days of receiving such notice, the Producing Party gives notice to the Receiving Party that the Producing Party opposes production of its Protected Information, the Receiving Party shall object, citing this Stipulation, and not thereafter produce such Protected Information, except as required by law. The Producing Party shall be solely responsible for pursuing any objection to the requested production. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Stipulation to challenge or appeal any order requiring production of Protected Information covered by this Stipulation, or to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court. In the event that Protected Information is produced to a non-party to this Stipulation in response to a Demand, such Discovery Material shall continue to be treated in accordance with the designation as Confidential or Highly Confidential Information by the Parties to this Stipulation.

35. To the extent a Receiving Party is required to disclose Protected Information produced in the Litigation, without a subpoena or other form of legal process, by a regulatory or supervisory agency exercising its visitorial powers pursuant to 12 U.S.C. § 484 and/or 12 C.F.R. § 7.4000 ("Regulatory Demand") and compliance with the Regulatory Demand renders the Party unable to comply with Paragraph 34 hereof, the Party may comply with the Regulatory Demand and shall give prompt written notice by hand or electronic or facsimile transmission as soon as is practicable following receipt of the Regulatory Demand and no later than the time at which the Party produces the Protected Information

20

in response to the Regulatory Demand, unless the Receiving Party is prohibited by law from providing notice of the Regulatory Demand to the Producing Party.

36. No Party shall produce or be requested to produce or identify any material or information that the Party is prohibited by law from disclosing under 31 U.S.C. § 5318(g), 31 C.F.R. § 103.18(e), or 12 C.F.R. § 510.5.

37. For good cause shown, the following provisions shall apply to Non-Party Borrower Information.  To the extent any federal or state law or other legal authority governing the disclosure or use of Non-Party Borrower Information (hereinafter, "Non-Party Borrower Information Law") permits disclosure of such information pursuant to an order of a court, this Order shall constitute compliance with such requirement.  To the extent any Non-Party Borrower Information Law requires a Producing Party, including third-parties, to obtain a Court-ordered subpoena or to give notice or obtain consent, in any form or manner, from any person or entity before disclosure, receipt or use of any Non-Party Borrower Information, the Court finds that, in the view of the protections provided for the information disclosed in this Order, the volume of Documents to be produced and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this Stipulation shall constitute an express direction that the Producing Party is exempted from obtaining a Court-ordered subpoena or having to notify and/or obtain consent from any person or entity prior to the disclosure of Non-Party Borrower Information.  To the extent that any Non-Party Borrower Information Law requires that any person or entity be notified prior to disclosure of Non-Party Borrower Information except where such notice is prohibited by Court order, the Court directs that, in view of the protections provided for the information disclosed in this Stipulation and Order, the volume of Documents to be

produced and the ongoing oversight of the Court, the Producing Parties are explicitly prohibited from providing such notice; provided, however, that this Stipulation and Order shall not prohibit any Producing Party from contacting any person or entity for any other purpose. Any Producing Party may seek additional orders from this Court that such party believes may be necessary to comply with any Non-Party Borrower Information Law.

38. Nothing herein shall prevent any Receiving Party from disclosing Protected Information (a) to the extent necessary to report to appropriate taxing authorities, or to the accountants or independent public auditors of the Receiving Party in confidence, as and only to the extent required to perform auditing or tax accounting work; and (b) to the extent necessary for purposes of financial reporting, including United States Securities and Exchange Commission and regulatory filings, and other regulatory requests.

39. For the avoidance of doubt, nothing herein shall preclude counsel from giving advice to his or her client in this Litigation that includes a general evaluation of Protected Information, provided that counsel shall not disclose the contents of any Protected Information in violation of the terms of this Stipulation and Order.

40. Any Party, in conducting discovery from non-parties in connection with the Litigation, shall provide any non-party from which it seeks discovery with a copy of this Stipulation and Order so as to inform each such non-party of his, her or its rights herein. If a non-party provides discovery to any Party in connection with the Litigation, the provisions of this Stipulation and Order shall apply to such discovery as if such discovery were being provided by a Party. Under such circumstances, the non-party shall have the same rights and obligations under the Stipulation and Order as held by the Parties. For the avoidance of doubt, non-parties

may designate Discovery Material as Confidential Information or Highly Confidential Information pursuant to Paragraphs 3(a) and 3(c) as set forth herein.

41. This Stipulation and Order shall continue to be binding after the conclusion of this Litigation except (a) that there shall be no restriction on Documents that are used as exhibits in Court (unless such exhibits were filed under seal and never unsealed); and (b) that a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation and Order.

42. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or Documents revealed in the course of disclosure.

43. Within ninety (90) days after the final termination of this Litigation by settlement (including, to the extent applicable, final court approval of such settlement) or exhaustion of all appeals, all Protected Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party, which option shall be communicated in writing to the Receiving Party promptly. In the event that any Producing Party opts for destruction of its Protected Information, the Receiving Party shall certify, in writing, within ninety (90) days of the final termination of this Litigation that it has undertaken its best efforts to destroy such physical objects and Documents, and that such physical objects and Documents have been destroyed to the best of its knowledge. These best efforts need not include destroying Protected Information residing on back-up tapes or other disaster recovery systems. Notwithstanding anything to the contrary, counsel of record for the Parties may retain copies of Documents constituting work product, reports, pleadings, motion papers,

23

discovery responses, deposition and trial transcripts and deposition and trial exhibits. This Stipulation and Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Stipulation and Order shall prohibit or interfere with the ability of counsel for any Party, or of experts or consultants specially retained for this case, to represent any individual, corporation, or other entity adverse to any Party or its affiliate(s) in connection with any other matters. For the avoidance of doubt, experts, third-party vendors and consultants who have received Protected Information shall also be required to return or destroy such Protected Information pursuant to the terms of this paragraph.

44. All Discovery Material shall be used solely for the purpose of conducting this Litigation and not for any other purpose whatsoever.

45. Except as specifically provided herein, the terms, conditions, and limitations of this Stipulation and Order shall survive the termination of this Litigation.

46. During the pendency of this Litigation, the Court shall retain jurisdiction over this Order, and persons who receive Discovery Material that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be subject to this Stipulation and Order, including any proceedings relating to their performance under, or compliance with, this Order.

47. To maximize the security of information in transit, any media on which Protected Information is produced shall be encrypted by the Producing Party. In such cases, the Producing Party shall transmit the encryption key or password to the Receiving Party, under separate cover, contemporaneously with sending the encrypted media. If a party provides another party's Protected Information to a third party, as identified and permitted

under this Stipulation and Order, that party shall comply with the requirements of this

paragraph as if it were the Producing Party.

Nothing in this Stipulated Order prevents
the Court from requiring public disclosure of submissions
to the Court to affect a judicial determination.

**SO ORDERED:**

Louis L. Stanton.
U.S.D.J.
11/23/20

DATED: November 20, 2020

KOREIN TILLERY LLC

By: _Matt_____

KOREIN TILLERY LLC
George A. Zelcs
John A. Libra
Matthew C. Davies
205 North Michigan Avenue
Suite 1950
Chicago, Illinois 60601
(312) 641-9760; (312) 641-9751 (fax)
gzelcs@koreintillery.com
jlibra@koreintillery.com
mdavies@koreintillery.com

KOREIN TILLERY LLC
Stephen M. Tillery
505 North Seventh Street
Suite 3600
St. Louis, Missouri 63101-1625
(314) 241-4844; (314) 241-3525 (fax)
stillery@koreintillery.com

KELLOGG, HANSEN, TODD, FIGEL
& FREDERICK, P.L.L.C.
David C. Frederick
Scott K. Attaway
Matthew M. Duffy
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900; (202) 326-7999 (fax)
dfrederick@kellogghansen.com
sattaway@kellogghansen.com
mduffy@kellogghansen.com

WOLLMUTH MAHER & DEUTSCH LLP
Steven S. Fitzgerald
500 Fifth Avenue, 12th Floor
New York, NY 10110
(212) 382-3300; (212) 382-3300 (fax)

JONES DAY

By: _____

JONES DAY
David F. Adler
Michael T. Marcucci
JONES DAY
100 High Street, 21st Floor
Boston, Massachusetts 02110-1781
(617) 960-3939; (617) 449-6999 (fax)
dfadler@jonesday.com
mmarcucci@jonesday.com

Louis A. Chaiten
Shimshon Balanson
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
(216) 586-3939; (216) 579-0212 (fax)
lachaiten@jonesday.com
sbalanson@jonesday.com

Albert J. Rota
JONES DAY
2727 North Harwood St.
Dallas, Texas 75201
(214) 220-3939; (214) 969-5100 (fax)
ajrota@jonesday.com

*Attorneys for Defendant U.S. Bank National Association*

26

sfitzgerald@wmd-law.com

*Attorneys for Plaintiffs National Credit*
*Union Administration Board as liquidating*
*agent and Graeme W. Bush as Separate*
*Trustee*

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| | X |
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, as Liquidating Agent of U.S. Central Federal Credit Union, Western Corporate Federal Credit Union, Members United Corporate Federal Credit Union, and Southwest Corporate Federal Credit Union, | : Case No. 18-cv-11366 : : : Hon. Louis L. Stanton : |

NATIONAL CREDIT UNION ADMINISTRATION
BOARD, as Liquidating Agent of U.S. Central Federal
Credit Union, Western Corporate Federal Credit Union,
Members United Corporate Federal Credit Union, and
Southwest Corporate Federal Credit Union,

and

GRAEME W. BUSH, as Separate Trustee of NCUA
GUARANTEED NOTES TRUST 2010-R1, NCUA
GUARANTEED NOTES TRUST 2010-R2, NCUA
GUARANTEED NOTES TRUST 2010-R3, and
NCUA GUARANTEED NOTES TRUST 2011-M1,

Plaintiffs,

-against-

U.S. BANK NATIONAL ASSOCIATION

Defendant.

Case No. 18-cv-11366

Hon. Louis L. Stanton

**UNDERTAKING FOR THE USE OF CONFIDENTIAL INFORMATION**

I, _____, state that:

1.    My business address is _____

2.    My present employer is _____

3.      My present occupation or job description is _____

4.      I have received a copy of the Joint Stipulation and Confidentiality and Protective Order

(the "Stipulation") entered in the above-entitled consolidated actions (the "Litigation") on

_____

5.      I have carefully read and understand the provisions of the Stipulation.

6.      I will comply with all of the provisions of the Stipulation.

7.      I will hold in confidence, will not disclose to anyone not qualified under the Stipulation,

and will use only for purposes of this Litigation, any Confidential Information or Highly

Confidential Information that is disclosed to me.

8.      At the conclusion of my work on this matter, I will return or destroy, to the extent

permitted by law, all Confidential Information or Highly Confidential Information that comes

into my possession, and documents or things that I have prepared relating thereto, to counsel for

the Party by whom I am employed or retained, or to counsel from whom I received the

Confidential Information or Highly Confidential Information.

9.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Stipulation in this Litigation.


Dated: _____          By: _____