UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATIONAL CREDIT UNION ADMINISTRATION
BOARD and GRAEME W. BUSH,

                              Plaintiffs,

          - against -

U.S. BANK NATIONAL ASSOCIATION,

                              Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/16/20

18 Civ. 11366 (LLS)

ORDER

     The Court's July 23, 2020 Order held, with regard to the
breach of pre-EOD duties, that as a matter of pleading,
plaintiffs raised a plausible inference that U.S. Bank
"discovered, had actual knowledge, and received written notice
of file defects or warranty breaches" in 49 of the 50 trusts.
Order at 8. It held that for six trusts, plaintiffs adequately
pled that U.S. Bank had actual knowledge and received written
notice of the servicers and master servicers failures and
breached its post-EOD duties. Order at 13.

     On summary judgment, the issue will be whether there is a
genuine issue of material fact whether the bank had such
knowledge as to invoke its duty under the contractual language.
That is a question of law to be determined by the Court unless
that language is ambiguous. If it is clear, it will not be
affected by evidence of customary usage, occasions on which
knowledge will be imputed, or experts' opinions on what the
outcome should be as a matter of business practice.

Therefore, expert discovery shall be reserved until after the Court has decided any motion for summary judgment. If the issues cannot be decided by summary judgment, then expert opinion may become admissible.

Accordingly, U.S. Bank's position, "that all expert discovery should wait until the Court decides summary judgment motions", prevails.

So ordered.

Dated:    New York, New York
          December 16, 2020

                              Louis L. Stanton
                              LOUIS L. STANTON
                              U.S.D.J.

-2-