**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NATIONAL CREDIT UNION ADMINISTRATIVE
BOARD, as liquidating agent of U.S. Central Federal
Credit Union, Western Corporate Federal Credit
Union, and Southwest Corporate Federal Credit
Union,

Plaintiffs,

v.

U.S. BANK NATIONAL ASSOCIATION,

Defendant.

No. 18-cv-11366 (LLS)

**ANSWER AND AFFIRMATIVE
AND OTHER DEFENSES OF
DEFENDANT U.S. BANK
NATIONAL ASSOCIATION TO
PLAINTIFFS' FIFTH AMENDED
COMPLAINT**

Defendant U.S. Bank National Association ("U.S. Bank"), by and through its attorney,

Jones Day, as and for its answer (the "Answer") to the allegations contained in Plaintiffs' Fifth

Amended Complaint (the "FAC"), dated September 14, 2021, Doc. No. 128, hereby alleges as

follows:

On July 23, 2020, the Court issued an Opinion & Order dismissing Plaintiffs' post-EoD

claims as to all trusts except BAFC 2005-F, BAFC 2007-B, BAFC 2007-D, and GPMF 2007-

AR1 (collectively the "Dismissed Claims"). July 23 Order at 9, 14. To the extent the FAC

contains allegations concerning Dismissed Claims, no responsive pleading is required.

On September 24, 2021 the Court entered a Stipulation and Order dismissing with

prejudice all of Plaintiffs' claims related to 30 of the 50 trusts at issue in the Fourth Amended

Complaint (the "Dismissed Trusts"). September 24 Order at 2. To the extent the FAC contains

allegations concerning the Dismissed Trusts, no responsive pleading is required.

Each of the twenty trusts at issue in the FAC (each a "Trust" and collectively, the

"Trusts") is governed by a separate and distinct pooling and servicing agreement and other

related transaction documents (collectively, the "Transaction Documents"). The allegations contained in the FAC improperly characterize or otherwise describe the Transaction Documents for each Trust, including by generalizing the terms thereof. U.S. Bank therefore denies all allegations relating to the Transaction Documents for each Trust, but admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto, including U.S. Bank as trustee, and terms governing each Trust.

Each paragraph of this Answer responds to the same numbered paragraph of the FAC. The section headings set forth herein are included only for the purposes of organization and ease of reference, and U.S. Bank denies any allegations contained in the headings. U.S. Bank denies all allegations of the FAC, except those specifically admitted in this Answer.

## I. NATURE OF THE ACTION

1. U.S. Bank denies the allegations contained in Paragraph 1.

2. U.S. Bank admits that it is trustee of each Trust. U.S. Bank admits that the Trusts generally issued certificates that entitle the holders thereof to cashflows generated by mortgage loans in the Trusts and admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 2. With respect to Exhibit A to the FAC referenced in Paragraph 2, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Exhibit A to the FAC. With respect to footnote 1 contained in Paragraph 2, U.S. Bank (i) admits that it was the original trustee for 11 Trusts; (ii) admits that LaSalle was the original trustee for 7 Trusts; (iii) admits that Wachovia was the original trustee for 2 Trusts; (iv) admits that U.S. Bank acquired the corporate trust and

institutional custody business of Wachovia in or about December 2005 and that it succeeded Wachovia as trustee for certain Trusts; (v) admits that U.S. Bank acquired the domestic and European-based securitization trust administration businesses of Bank of America in or around December 2010 and admits that through this acquisition it succeeded Bank of America as trustee for certain Trusts, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in footnote 1 to the extent they pertain to Bank of America; and (vi) otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in footnote 1.

3.      U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3. With respect to Exhibit A to the FAC referenced in Paragraph 3, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Exhibit A to the FAC.

4.      U.S. Bank denies the allegations contained in Paragraph 4.

5.      U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 5.

6.      U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 6.

7.      U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 7.

8.	U.S. Bank denies the allegations contained in Paragraph 8.

9.	U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 9.

10.	U.S. Bank denies the allegations contained in Paragraph 10.

11.	U.S. Bank denies the allegations contained in Paragraph 11.

12.	U.S. Bank denies the allegations contained in Paragraph 12.

13.	U.S. Bank denies the allegations contained in Paragraph 13.

14.	U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 14.

15.	U.S. Bank denies the allegations contained in Paragraph 15.

16.	U.S. Bank denies the allegations contained in Paragraph 16.

17.	U.S. Bank denies the allegations contained in Paragraph 17.

18.	U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 18.

19.	U.S. Bank denies the allegations contained in Paragraph 19.

20.	U.S. Bank denies that Plaintiffs are entitled to any relief described in Paragraph 20, and otherwise denies the remaining allegations contained in Paragraph 20.

21.	U.S. Bank denies that Plaintiffs are entitled to any relief described in Paragraph 21, and otherwise denies the remaining allegations contained in Paragraph 21.

## II.    PARTIES

### A.  Plaintiff NCUA Board as Liquidating Agent

22.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22.

23.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23.

24.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29. With respect to Exhibit A to the FAC referenced in Paragraph 29, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Exhibit A to the FAC.

30.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 (including footnote 2). With respect to Exhibits B, C, and D to the FAC referenced in footnote 2, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Exhibits B, C, and D to the FAC.

32.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

33.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33. With respect to Exhibit C to the FAC referenced in Paragraph 33, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Exhibit C to the FAC.

34.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34. With respect to Exhibits B and C to the FAC referenced in Paragraph 34, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Exhibits B and C to the FAC.

35.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35. With respect to Exhibit D to the FAC referenced in Paragraph 35, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Exhibit D to the FAC.

36.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 (including footnote 3). With respect to Exhibits B and C to the FAC referenced in Paragraph 36 (including footnote 3), U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Exhibits B and C to the FAC.

37.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37. With respect to Exhibit F to the FAC referenced in Paragraph 37, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Exhibit F to the FAC.

38.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38. With respect to Exhibit M to the FAC referenced in Paragraph 38, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Exhibit M to the FAC.

39.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39. With respect to Exhibit N to the FAC referenced in Paragraph 39, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Exhibit N to the FAC.

40.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.  With respect to Exhibits B and C to the FAC

referenced in Paragraph 40, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Exhibits B and C to the FAC.

**B. Defendant U.S. Bank**

41.     U.S. Bank admits that it is a national banking association organized and existing under the laws of the United States. U.S. Bank admits that it maintains offices in Cincinnati, Minneapolis, and New York. U.S. Bank admits that Federal Reserve statistics as of December 31, 2013 list U.S. Bancorp, corporate parent of U.S. Bank, as the fifth largest commercial bank, ranking by consolidated assets, and fourth largest in total branches. U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 41.

42.     U.S. Bank denies the allegations contained in the first sentence in Paragraph 42. With respect to the second sentence in Paragraph 42, U.S. Bank admits that as of December 31, 2018, U.S. Bank was acting as trustee with respect to securities with an aggregate outstanding principal balance of over $4.4 trillion and admits that it had corporate trust offices in about 50 locations in the United States, but otherwise denies the remaining allegations contained in the second sentence in Paragraph 42. U.S. Bank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42.

43.     U.S. Bank admits that U.S. Bank Home Mortgage has acted as master servicer for RMBS transactions, but otherwise denies the remaining allegations contained in Paragraph 43.

44.     U.S. Bank denies the allegations contained in Paragraph 44.

**III.    JURISDICTION AND VENUE**

45.     U.S. Bank denies the allegations contained in Paragraph 45.

46.     U.S. Bank admits that venue is proper pursuant to 15 U.S.C. § 77v(a), and/or 28 U.S.C. § 1391(b)(1) and admits that this Court has personal jurisdiction over it, but otherwise denies the remaining allegations contained in Paragraph 46.

## IV.     THE TRUSTS

47.     U.S. Bank admits that the Trusts were created between 2005 and 2007, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47. With respect to Exhibit A to the FAC referenced in Paragraph 47, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Exhibit A to the FAC.

48.     U.S. Bank admits that American Home Mortgage Corp.; Decision One Mortgage Co., LLC; DLJ Mortgage Capital, Inc.; Bank of America, N.A.; Countrywide Home Loans, Inc; Credit Suisse Financial Corp.; First National Bank of Nevada; MortgageIT, Inc.; GreenPoint Mortgage Funding, Inc.; IndyMac Bank, F.S.B.; OwnIt Mortgage Solutions, Inc.; Washington Mutual Bank; and Wells Fargo Bank, N.A. were originators for certain Trusts, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48.

49.     U.S. Bank admits that DLJ Mortgage Capital, Inc.; Bank of America, N.A.; Morgan Stanley Mortgage Capital, Inc.; Merrill Lynch Mortgage Lending, Inc.; Washington Mutual Mortgage Securities Corp.; and Greenwich Capital Financial Products, Inc. are the sponsors for certain Trusts, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 49.

## V. DUTIES OF THE TRUSTEE UNDER THE CONTRACTS

### A. RMBS Trusts

50.　U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 50.

51.　U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 51.

52.　U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 52.

53.　U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 53.

54.　U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 54.

55.　U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 55.

56.　U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 56.

57.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 (including Figure 1).

58.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 58. With respect to Exhibit H to the FAC referenced in Paragraph 58, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it denies the allegations contained in Exhibit H to the FAC.

59.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 59.

60.     U.S. Bank admits that (i) 17 C.F.R. § 229.1121 concerns asset-backed securities and (ii) the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 60.

61.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 61.

62.     U.S. Bank admits that it is the trustee of each Trust. U.S. Bank further admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 62.

## B. The Trustee's General Duties

63.    U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 63. With respect to Exhibit H to the FAC referenced in Paragraph 63, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it denies the allegations contained in Exhibit H to the FAC.

64.    U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 64 (including footnote 4). With respect to Exhibit H to the FAC referenced in Paragraph 64, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it denies the allegations contained in Exhibit H to the FAC.  With respect to Exhibit G to the FAC referenced in Paragraph 64, U.S. Bank does not believe it has an obligation to  respond to the allegations therein, but, to the extent it does, it admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Exhibit G.

## C. The Trustee's Duties Under the Pooling and Servicing Agreements

65.    U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 65. With respect to Exhibit H to the FAC referenced in Paragraph 65, U.S. Bank does not believe it has an obligation to

respond to the allegations therein, but, to the extent it does, it denies the allegations contained in Exhibit H to the FAC.

66.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 66 (including footnote 5). With respect to Exhibit H to the FAC referenced in Paragraph 66, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it denies the allegations contained in Exhibit H to the FAC.

**D.  Duty to Review the Mortgage Loans Conveyed to the Trust**

67.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 67. With respect to Exhibit H to the FAC referenced in Paragraph 67, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it denies the allegations contained in Exhibit H to the FAC.

68.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 68. With respect to Exhibit H to the FAC referenced in Paragraph 68, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it denies the allegations contained in Exhibit H to the FAC.

69.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but

otherwise denies the remaining allegations contained in Paragraph 69. With respect to Exhibit H to the FAC referenced in Paragraph 69, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it denies the allegations contained in Exhibit H to the FAC.

70.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 70.

71.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 71. With respect to Exhibit H to the FAC referenced in Paragraph 71, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it denies the allegations contained in Exhibit H to the FAC.

72.     U.S. Bank denies the allegations contained in Paragraph 72.

**E.  Duty to Provide Notice of Incomplete or Defective Mortgage Files and Enforce Repurchase Rights with Respect to Mortgage Files that Cannot be Cured**

73.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 73.

74.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 74. With respect to Exhibit H to the FAC referenced in Paragraph 74, U.S. Bank does not believe it has an obligation to

respond to the allegations therein, but, to the extent it does, it denies the allegations contained in Exhibit H to the FAC.

75.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 75.

76.     U.S. Bank denies the allegations contained in Paragraph 76.

**F.   Duty to Provide Notice of Document Defects and Representation and Warranty Breaches and to Enforce Repurchase Rights with Respect to Defective and Breaching Loans**

77.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 77.

78.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 78. With respect to Exhibit H to the FAC referenced in Paragraph 78, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it denies the allegations contained in Exhibit H to the FAC.

79.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 79.

80.     U.S. Bank denies the allegations contained in Paragraph 80.

### G. Duties under the Loan Transfer Agreements

81.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 81.

82.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 82. With respect to Exhibit H to the FAC referenced in Paragraph 82, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it denies the allegations contained in Exhibit H to the FAC.

83.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 83.

84.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 84.

85.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 85.

86.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 86.

87.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 87.

88.     U.S. Bank denies the allegations contained in Paragraph 88.

**H.  Duties Regarding the Servicers**

89.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 89.

90.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 90. With respect to Exhibit H to the FAC referenced in Paragraph 90, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it denies the allegations contained in Exhibit H to the FAC.

91.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 91. With respect to Exhibit H to the FAC referenced in Paragraph 91, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it denies the allegations contained in Exhibit H to the FAC.

92.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 92.

93.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 93. With respect to Exhibit H to the FAC referenced in Paragraph 93, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it denies the allegations contained in Exhibit H to the FAC.

94.     U.S. Bank denies the allegations contained in Paragraph 94.

**I.    The Trustee's Duties upon Knowledge of an Event of Default**

95.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 95. With respect to Exhibit H to the FAC referenced in Paragraph 95, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it denies the allegations contained in Exhibit H to the FAC.

96.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 96. With respect to Exhibit H to the FAC referenced in Paragraph 96, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it denies the allegations contained in Exhibit H to the FAC.

97.     U.S. Bank denies the allegations contained in Paragraph 97.

## VI. DEFENDANT FAILED TO PROVIDE NOTICE OF AND ENFORCE REMEDIES RELATED TO MORTGAGE FILE DOCUMENT DEFECTS

### A. Defendant Failed to Provide Notice and Enforce Remedies Related to Incomplete or Defective Mortgage Loan Files

98.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 98. With respect to Exhibit H to the FAC referenced in Paragraph 98, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it denies the allegations contained in Exhibit H to the FAC.

99.     U.S. Bank denies the allegations contained in Paragraph 99.

100.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 100. With respect to Exhibit H to the FAC referenced in Paragraph 100, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it denies the allegations contained in Exhibit H to the FAC.

101.     U.S. Bank denies the allegations contained in Paragraph 101.

102.     U.S. Bank denies the allegations contained in Paragraph 102.

103.     U.S. Bank denies the allegations contained in Paragraph 103.

104.     U.S. admits that the statements referenced in Paragraph 104 pertaining to Professor Adam Levitin's testimony before the House Financial Services Committee in November 2010 are contained in the Prepared Statement of Adam J. Levitin from that hearing to the extent they are actually contained in such statement, but otherwise denies the remaining allegations contained in Paragraph 104.

### B. Defendant Discovered or Knew the Mortgage Loan Files Were Incomplete

105.     U.S. Bank denies the allegations contained in Paragraph 105.

106.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 106.

107.     U.S. Bank denies the allegations contained in Paragraph 107.

108.     U.S. Bank admits that (i) the Interagency Review of Foreclosure Policies and Practices document contains the statements referenced in Paragraph 108 to the extent such statements are actually contained in that document; (ii) the Wall Street and the Financial Crisis: Anatomy of a Financial Collapse document contains the statements referenced in Paragraph 108 to the extent such statements are actually contained in that document; (iii) the statements referenced in Paragraph 108 pertaining to *In re Citibank, N.A.*, Consent Order, No. AA-EC-11-13 (Apr. 13, 2011) are contained in the consent order to the extent they are actually contained in such document; (iv) the statements referenced in Paragraph 108 pertaining to *In re Ally Fin. Inc., Ally Bank & GMAC Mortgage, LLC*, Consent Order, No. 11-20-B-HC, No. 11-020-B-DEO (Apr. 13, 2011) are contained in the consent order to the extent they are actually contained in such document; (v) the statements referenced in Paragraph 108 pertaining to *In re HSBC Bank USA, N.A.*, Consent Order, No. AA-EC-11-14 (Apr. 13, 2011) are contained in the consent order to the extent they are actually contained in such document; (vi) the statements referenced in Paragraph 108 pertaining to *In re OneWest Bank, FSB*, Consent Order, No. WN-11-011 (Apr. 13 2011) are contained in the consent order to the extent they are actually contained in such document; (vii) the statements referenced in Paragraph 108 pertaining to *In re JPMorgan Chase Bank*, Consent Order, No. AA-EC-11-15, (Apr. 13, 2011) are contained in the consent order to the extent they

are actually contained in such document; (viii) the statements referenced in Paragraph 108 pertaining to *In re PNC Bank, N.A.*, Consent Order, No. AA-EC-11-17 (Apr. 13, 2011) are contained in the consent order to the extent they are actually contained in such document; (ix) the statements referenced in Paragraph 108 pertaining to *In re Wells Fargo Bank, N.A.*, Consent Order, AA-EC-11-19 (Apr. 13, 2011) are contained in the consent order to the extent they are actually contained in such document; and (x) the statements referenced in Paragraph 108 pertaining to *In re Aurora Bank FSB*, No. NE-11-16 (April 13, 2011), are contained in the consent order to the extent they are actually contained in such document. U.S. Bank otherwise denies the remaining allegations in Paragraph 108.

109.    U.S. Bank admits that the statements referenced in Paragraph 109 pertaining to *In re U.S. Bank N.A.*, Consent Order, AA-EC-11-18 (Apr. 13, 2011) are contained in the consent order to the extent they are actually contained in such document, but otherwise denies the remaining allegations contained in Paragraph 109.

110.    U.S. Bank denies the allegations contained in Paragraph 110.

111.    U.S. Bank denies the allegations contained in Paragraph 111.

112.    U.S. Bank denies the allegations contained in Paragraph 112.

## VII.    DEFENDANT DISCOVERED OR RECEIVED NOTICE OF REPRESENTATION AND WARRANTY BREACHES AND MORTGAGE FILE DEFECTS ON A LOAN-BY-LOAN AND TRUST-BY-TRUST BASIS

113.    U.S. Bank denies the allegations contained in Paragraph 113.

### A.  Publicly Filed 15Ga-1 Reports Confirm That Defendant Received Notice or Discovered Individual Breaching Loans in at Least 10 Trusts

114.    U.S. Bank admits the allegations contained in the first sentence of Paragraph 114. With respect to the second sentence of Paragraph 114, U.S. Bank admits that the statements pertaining to Dodd-Frank are contained in Dodd-Frank to the extent they are actually contained

in such Act, but otherwise denies the remaining allegations contained in the second sentence of Paragraph 114.

115. U.S. Bank admits the allegations contained in the first sentence and second sentence of Paragraph 115. With respect to the third sentence of Paragraph 115, U.S. Bank admits that the statements pertaining to the Final Rule are contained in the Final Rule to the extent they are actually contained in such regulations, but otherwise denies the remaining allegations contained in the third sentence of Paragraph 115.

116. U.S. Bank admits that the statements pertaining to the Final Rule are contained in the Final Rule to the extent they are actually contained in such regulations, but otherwise denies the remaining allegations contained in Paragraph 116.

117. U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117.

118. U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 118. With respect to the second sentence of Paragraph 118, U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in the second sentence of Paragraph 118.

119. With respect to the first sentence of Paragraph 119, U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in the first sentence of Paragraph 119. U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 119.

120. U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120. With respect to the chart referenced in Paragraph 120, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but to the extent it does, U.S. Bank admits that the statements in the chart pertaining to the 15Ga-1 report for each Trust are contained in such reports to the extent they are actually contained in such reports, but otherwise denies the remaining allegations contained in Paragraph 120.

121. U.S. Bank denies the allegations contained in Paragraph 121.

122. U.S. Bank denies the allegations contained in the first sentence of Paragraph 122. U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 122.

123. U.S. Bank admits that the statements in Paragraph 123 pertaining to the Final Rule are contained in the Final Rule to the extent they are actually contained in such regulations, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 123.

124. U.S. Bank admits that the statements in Paragraph 124 pertaining to the Final Rule are contained in the Final Rule to the extent they are actually contained in such regulations, but otherwise denies the remaining allegations contained in Paragraph 124.

125. U.S. Bank admits that the statements referenced in Paragraph 125 pertaining to Phoenix Light SF DAC et al. v. U.S. Bank N.A. et al., 14-cv- 10116 (S.D.N.Y.) are contained in documents from the docket of that case to the extent they are actually contained in such documents, but otherwise denies the remaining allegations contained in Paragraph 125.

126.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 126, and otherwise denies the remaining allegations contained in Paragraph 126.

127.     U.S. Bank admits that Lehman Brothers Holdings, Inc. was the seller and/or sponsor for GPMF 2006-AR8 and GPMF 2007-AR1, and admits that Lehman Brothers Holdings, Inc. entered into bankruptcy in September 2008. U.S. Bank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 127.

128.     U.S. Bank denies the allegations contained in Paragraph 128.

129.     U.S. Bank denies the allegations contained in the first sentence, second sentence, fifth sentence, and sixth sentence of Paragraph 129. With respect to the third sentence and fourth sentence of Paragraph 129, U.S. Bank admits that certain Trusts were subject to tolling agreements, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence and fourth sentence of Paragraph 129.

**B.  Defendant Discovered or Had Notice of Loan-by-Loan Document Defects and Representation and Warranty Breaches from Final Exception Reports**

130.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 130.

131.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 131.

132.     U.S. Bank denies the allegations contained in the first sentence of Paragraph 132, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 132.

133.     U.S. Bank admits that the HEAT 2006-7 PSA contains the statements referenced in Paragraph 133 to the extent such statements are actually contained in that document. U.S. Bank further admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 133.

134.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 134.

135.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135.

136.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 136.

137.     U.S. Bank admits that the statements referenced in Paragraph 137 pertaining to *Phoenix Light SF DAC et al. v. U.S. Bank N.A. et al.,* 14-cv- 10116 (S.D.N.Y.) are contained in documents from the docket of that case to the extent they are actually contained in such documents, but otherwise denies the remaining allegations contained in Paragraph 137.

138.     U.S. Bank admits that the statements referenced in Paragraph 138 pertaining to *Phoenix Light SF DAC et al. v. U.S. Bank N.A. et al*., 14-cv- 10116 (S.D.N.Y.) are contained in documents from the docket of that case to the extent they are actually contained in such documents, but otherwise denies the remaining allegations contained in Paragraph 138.

139.     U.S. Bank admits that it received the final exception reports for HEAT 2006-7, and MSM 2007-5AX, but otherwise denies the remaining allegations contained in Paragraph 139.

140.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 140.

141.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 141, and otherwise denies the remaining allegations contained in Paragraph 141.

142.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 142.

143.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143.

144.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144.

145.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145.

146.     With respect to the first sentence, second sentence, and third sentence of Paragraph 146, U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in the first sentence, second sentence, and third sentence of Paragraph 146. U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 146.

### C. Defendant Publicly Disclosed Its Knowledge of Representation and Warranty Breaches

147. U.S. Bank denies the allegations contained in Paragraph 147.

148. U.S. Bank admits that it publicly distributed information notices to investors from time to time, but otherwise denies the remaining allegations contained in Paragraph 148.

149. U.S. Bank denies the allegations contained in Paragraph 149.

150. U.S. Bank admits that it distributed a notice related to HVMLT 2005-8 dated March 5, 2012 and that the notice contains the statements referenced in Paragraph 150 to the extent they are actually contained in that notice, but otherwise denies the remaining allegations contained in Paragraph 150.

151. U.S. Bank admits that it distributed a notice related to HVMLT 2006-4 dated August 22, 2012 and that the notice contains the statements referenced in Paragraph 151 to the extent they are actually contained in that notice, but otherwise denies the remaining allegations contained in Paragraph 151.

152. U.S. Bank denies the allegations contained in Paragraph 152.

153. U.S. Bank admits that the statements referenced in Paragraph 153 pertaining to *U.S. Bank, N.A. v. DLJ Mortgage Capital, Inc.*, 0653467/2012 (N.Y. Sup. Ct.) are contained in documents from the docket of that case to the extent they are actually contained in such documents. U.S. Bank further admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 153.

### D. Defendant Plausibly Learned Of Loan-By-Loan Representation And Warranty Breaches As A Result Of Certificateholder Lawsuits Or Investigations

154. U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154.

155. U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155.

156. U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 156.

157. U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 157.

158. U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 158.

159. U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 159 (including all subparts thereto). With respect to Exhibit O to the FAC referenced in Paragraph 159, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Exhibit O to the FAC.

160. U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 160.

161. U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 161.

162. U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162.

163. U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 163.

164.     U.S. Bank admits the allegations contained in the first sentence of Paragraph 164. U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 164.

165.     U.S. Bank admits that it received a letter from Gibbs & Bruns LLP related to MSM 2006-3AR, MSM 2006-15XS, and MSM 2007-5AX dated January 31, 2012, but otherwise denies the remaining allegations contained in Paragraph 165 (including all subparts thereto).

166.     U.S. Bank denies the allegations contained in Paragraph 166.

**E.  Defendant's Actions in the Bankruptcy of Originators and Sponsors Demonstrates a Trust-By-Trust and Loan-By-Loan Awareness of Breaches in the Trusts**

167.     U.S. Bank admits that many of the Trusts contain loans from multiple originators, and that from time to time it filed claims in the bankruptcy proceedings for certain obligors, but otherwise denies the remaining allegations contained in Paragraph 167.

168.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 168.

169.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 169. With respect to the second sentence of Paragraph 169, U.S. Bank admits that Lehman Brothers Holdings, Inc. was the sponsor for GPMF 2006-AR8 and GPMF 2007-AR1, but otherwise denies the remaining allegations contained in the second sentence of Paragraph 169.

170.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 170.

171.     U.S. Bank denies the allegations contained in Paragraph 171 (including all subparts thereto).

172.    U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 172.

173.    U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 173.

**F.  Defendant Discovered Loan-By-Loan Breaches Through Its Involvement in Individual Borrower Litigation**

174.    U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 174.

175.    U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 175.

176.    U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 176.

177.    U.S. Bank denies the allegations contained in the first sentence of paragraph 177. U.S. Bank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 177.

178.    U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 178.

179.    U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 179. U.S. Bank denies the allegations contained in the second sentence of Paragraph 179.

**G.  Defendant Likely Discovered or Received Loan-By-Loan Breach Notices Through Its Involvement with Credit Risk Monitors**

180.    U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 180.

181.    U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 181.

182.    U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 182.

## VIII.   DEFENDANT HAD ACTUAL KNOWLEDGE OR RECEIVED NOTICE OF EVENTS OF DEFAULT

183.    U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 183.

184.    U.S. Bank denies the allegations contained in Paragraph 184.

### A.  Plaintiffs Believe Certificateholders Provided Notice to Defendant of Events of Default

185.    U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185.

186.    U.S. Bank admits that the statements referenced in Paragraph 186 pertaining to *Phoenix Light SF DAC et al. v. U.S. Bank N.A. et al.*, 14-cv- 10116 (S.D.N.Y.) are contained in documents from the docket of that case to the extent they are actually contained in such documents. U.S. Bank further admits that it received a letter from Kasowitz, Benson, Torres & Friedman LLP, as counsel for FHFA, dated November 20, 2012, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 186.

187.    U.S. Bank admits that it received a letter from Kasowitz, Benson, Torres & Friedman LLP dated November 20, 2012, and that the statements referenced in Paragraph 187

pertaining to the letter are contained in such letter, but otherwise denies the remaining allegations contained in Paragraph 187.

188.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188.

189.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 189.

**B.  Defendant Knew of Failures by Master Servicers and Servicers That Should Have Resulted in Events of Default**

190.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 190. U.S. Bank denies the allegations contained in the second sentence of Paragraph 190.

191.     U.S. Bank admits that Regulation AB sets forth regulations concerning RMBS transactions, and admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 191.

192.     U.S. Bank admits that Regulation AB sets forth regulations concerning RMBS transactions, but otherwise denies the remaining allegations contained in Paragraph 192.

193.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 193.

194.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194.

195.     U.S. Bank admits that it sent a notice dated December 15, 2014 and that the notice contains the statements referenced in Paragraph 195 to the extent they are actually contained in

that notice, but otherwise denies the remaining allegations contained in Paragraph 206. With respect to Exhibit E to the FAC referenced in Paragraph 195, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it admits that it sent a notice dated December 15, 2014, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Exhibit E to the FAC.

196.    U.S. Bank denies the allegations contained in Paragraph 196.

197.    U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197.

198.    U.S. Bank admits that the statements referenced in Paragraph 198 pertaining to *Phoenix Light SF DAC et al. v. U.S. Bank N.A. et al.*, 14-cv- 10116 (S.D.N.Y.) are contained in documents from the docket of that case to the extent they are actually contained in such documents, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 198.

199.    U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 199.

200.    U.S. Bank admits that the statements referenced in Paragraph 200 pertaining to *Phoenix Light SF DAC et al. v. U.S. Bank N.A. et al.*, 14-cv- 10116 (S.D.N.Y.) are contained in documents from the docket of that case to the extent they are actually contained in such documents, but otherwise denies the remaining allegations contained in Paragraph 200.

201.    U.S. Bank denies the allegations contained in Paragraph 201.

202.    U.S. Bank admits that it delivered a letter to Wells Fargo Home Mortgage dated December 24, 2009. U.S. Bank further admits that the quoted statements referenced in Paragraph 202 pertaining to *Phoenix Light SF DAC et al. v. U.S. Bank N.A. et al.*, 14-cv- 10116 (S.D.N.Y.)

are contained in documents from the docket of that case to the extent they are actually contained in such documents, but otherwise denies the remaining allegations contained in Paragraph 202.

203. U.S. Bank admits that it received a letter from Clayton Fixed Income Services LLC dated April 25, 2012. U.S. Bank further admits that the statements referenced in Paragraph 203 pertaining to *Phoenix Light SF DAC et al. v. U.S. Bank N.A. et al.*, 14-cv- 10116 (S.D.N.Y.) are contained in documents from the docket of that case to the extent they are actually contained in such documents, but otherwise denies the remaining allegations contained in Paragraph 203.

204. With respect to the first sentence and second sentence of Paragraph 204, U.S. Bank admits that it received a letter from Clayton Fixed Income Services LLC dated April 25, 2012, but otherwise denies the remaining allegations contained in the first sentence and second sentence of Paragraph 204. U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 204.

205. U.S. Bank admits that the GPMF 2007-AR1 PSA contains the statements referenced in Paragraph 205 to the extent such statements are actually contained in that document. U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 205.

206. U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 206. U.S. Bank denies the allegations contained in the second sentence of Paragraph 206.

## IX. DEFENDANT DISCOVERED OR RECEIVED NOTICE THAT THE TRUSTS SUFFERED FROM WIDESPREAD BREACHES OF REPRESENTATIONS AND WARRANTIES AND SHOULD HAVE TAKEN APPROPRIATE ACTION

207. U.S. Bank denies the allegations contained in Paragraph 207.

208.     U.S. Bank denies the allegations contained in Paragraph 208. With respect to Exhibit I to the FAC referenced in Paragraph 208, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, (i) with respect to Paragraph 54 and Paragraph 55 of Exhibit I to the FAC, U.S. Bank admits that, in its capacity as trustee, it is a named plaintiff in the case referenced therein as *Home Equity Asset Trust 2007-1 v. DLJ Mortgage Capital Inc.*, No. 650369/2013 (N.Y. Sup. Ct.). and admits that the statements referenced therein pertaining to that case are contained in documents from the docket of that case to the extent they are actually contained in such documents, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 and Paragraph 55 of Exhibit I to the FAC, (ii) with respect to Paragraph 103, Paragraph 109, and Paragraph 147 of Exhibit I to the FAC, U.S. Bank admits that the document referenced in those paragraphs as the FCIC Report exists and contains the statements referenced in those paragraphs to the extent they are actually contained in that document, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 103, Paragraph 109, and Paragraph 147 of Exhibit I to the FAC, and (iii) U.S. Bank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Exhibit I to the FAC. With respect to Parts IX.A, IX.C, and IX.D referenced in Paragraph 208, U.S. Bank incorporates by reference its responses to the allegations in Parts IX.A, IX.C, and IX.D as if set forth fully herein.

209.     U.S. Bank admits that Trusts offered 2006 and later were subject to reporting requirements under Regulation AB, but otherwise denies the remaining allegations contained in Paragraph 209.

**A. General Reports Concerning Originators' Systematic Abandonment of their Underwriting Standards and Sponsors' Disregard of Prudent Securitization Standards**

210.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 210. U.S. Bank otherwise denies the remaining allegations contained in Paragraph 210.

211.     U.S. Bank admits that the document referenced in Paragraph 211 as Worst Ten in the Worst Ten exists, and that the Worst Ten in the Worst Ten contains the statements referenced in Paragraph 211 to the extent such statements are actually contained in that document, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 211.

212.     U.S. Bank admits that the document referenced in Paragraph 212 as Speech to the World Affairs Council of Greater Richmond exists, and that it contains the statements referenced in Paragraph 212 to the extent such statements are actually contained in that document, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 212.

213.     U.S. Bank admits that the document referenced in Paragraph 213 as Examining the Consequences of Mortgage Irregularities for Financial Stability and Foreclosure Mitigation exists, and that it contains the statements referenced in Paragraph 213 to the extent such statements are actually contained in that document, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 213.

214.     U.S. Bank admits that the document referenced in Paragraph 214 as Wall Street and the Financial Crisis: Anatomy of a Financial Collapse exists, and that it contains the statements referenced in Paragraph 214 to the extent such statements are actually contained in

that document, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 214.

215.    U.S. Bank admits that the document referenced in Paragraph 215 as FCIC Report exists, and that the FCIC Report contains the statements referenced in Paragraph 215 to the extent such statements are actually contained in that document, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 215.

216.    U.S. Bank admits that the FCIC Report contains the statements referenced in Paragraph 216 to the extent such statements are actually contained in that document, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 216.

217.    U.S. Bank admits that the FCIC Report contains the statements referenced in Paragraph 217 to the extent such statements are actually contained in that document, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 217.

218.    U.S. Bank admits that the FCIC Report contains the statements referenced in Paragraph 218 to the extent such statements are actually contained in that document, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 218.

219.    U.S. Bank admits that the FCIC Report contains the statements referenced in Paragraph 219 to the extent such statements are actually contained in that document, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 219.

220.    U.S. Bank admits that the document referenced in Paragraph 220 as FSOC Report exists, and that the FSOC Report contains the statements referenced in Paragraph 220 to the extent such statements are actually contained in that document, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 220.

221.    U.S. Bank admits that the FSOC Report contains the statements referenced in Paragraph 221 to the extent such statements are actually contained in that document, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 221.

222.    U.S. Bank admits that the FCIC Report contains the statements referenced in Paragraph 222 to the extent such statements are actually contained in that document, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 222.

223.    U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 223.

224.    U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 224, and otherwise denies the remaining allegations contained in Paragraph 224.

**B.    Specific Reports Concerning the Originators of Loans in the Trusts Abandoning their Underwriting Standards and the Sponsors Disregarding Prudent Securitization Practices**

225.    U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 225.

226.    U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence and third sentence of Paragraph 226, and otherwise denies the remaining allegations contained in Paragraph 226. With respect to Exhibit I to the FAC referenced in Paragraph 226, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but to the extent it does, it incorporates by reference its response to the allegations in Exhibit I contained in Paragraph 226 as if set forth fully herein.

227.    U.S. Bank denies the allegations contained in Paragraph 227. With respect to Exhibit I to the FAC referenced in Paragraph 227, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but to the extent it does, it incorporates by reference its response to the allegations in Exhibit I contained in Paragraph 227 as if set forth fully herein.

### C. A High Number of Borrower Delinquencies and Defaults on Mortgages in the Trusts' Loan Pools and Enormous Trust Losses Are Further Evidence of the Originators' Systematic Disregard of Underwriting Standards

228.    U.S. Bank denies the allegations contained in the first sentence of Paragraph 228. U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 228. With respect to Exhibit J to the FAC referenced in Paragraph 228, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Exhibit J to the FAC.

### 1.    The Trusts Suffered from High Delinquency and Default Rates

229.    U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 229.

230.    U.S. Bank admits that the statements referenced in Paragraph 230 pertaining to The Rise in Mortgage Defaults are contained in the paper to the extent they are actually

contained in such document. U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence and third sentence of Paragraph 230, but otherwise denies the remaining allegations contained in Paragraph 230.

231.     U.S. Bank denies the allegations contained in Paragraph 231.

232.     U.S. Bank admits that, as Trustee, it received information from servicers for trusts for which it was responsible for preparing remittance reports, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 232.

233.     U.S. Bank denies the allegations contained in Paragraph 233.

**2.      The Trusts Suffered Huge Losses**

234.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 234.

235.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence and third sentence of Paragraph 235, but otherwise denies the remaining allegations contained in Paragraph 235.

236.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 236.

237.     U.S. Bank denies the allegations contained in Paragraph 237.

**D.  The Collapse of the Certificates' Credit Ratings Is Further Evidence of Systematic Disregard of Underwriting Guidelines**

238.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 238.

239.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 239.

240.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 240. With respect to Exhibit K to the FAC referenced in Paragraph 240, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Exhibit K to the FAC.

241.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 241, but otherwise denies the remaining allegations contained in Paragraph 241.

**E.     Additional Evidence Shows That Defendant Knew of Systemic Problems That Necessarily Would Result in Breaching and Defective Loans in the Trusts**

**1.     In Its Capacity as RMBS Servicer for Other Trusts, Defendant Discovered Extensive Warrantor Breaches of Representations and Warranties**

242.     U.S. Bank admits that the Transaction Documents for each trust contain terms setting forth rights and duties of the parties thereto and terms governing each trust, but otherwise denies the remaining allegations contained in Paragraph 242.

243.     U.S. Bank denies the allegations contained in Paragraph 243.

244.     U.S. Bank denies the allegations contained in Paragraph 244.

**2.     Defendant Received Written Notice of Systematic, Widespread Breaches of Representations and Warranties from Monoline Insurers**

245.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 245.

246.     U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 246.

247. U.S. Bank admits that the statements referenced in Paragraph 247 pertaining to *Syncora Guarantee Inc. v. Countrywide Home Loans, Inc., et al.*, No. 650042/2009 (N.Y. Sup. Ct.) are contained in documents from the docket of that case to the extent they are actually contained in such documents. U.S. Bank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 247.

248. U.S. Bank admits that the statements referenced in Paragraph 248 pertaining to *Ambac Assurance Corp., et al. v. Countrywide Home Loans, Inc., et al.*, No. 651612/2010 (N.Y. Sup. Ct.) are contained in documents from the docket of that case to the extent they are actually contained in such documents. U.S. Bank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 248.

249. U.S. Bank admits that the statements referenced in Paragraph 249 pertaining to *MBIA Ins. Co. v. Countrywide Home Loans, Inc.*, No. 602825/2008 (N.Y. Sup. Ct.) are contained in documents from the docket of that case to the extent they are actually contained in such documents. U.S. Bank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 249.

250. U.S. Bank denies the allegations contained in Paragraph 250.

> **3.** **Global RMBS Repurchase Investigations and Settlements Alerted Defendant to Systematic, Widespread Breaches of Representations and Warranties**

251. U.S. Bank admits that certificateholders have directed and indemnified the trustee in repurchase actions in certain trusts, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 251.

252. U.S. Bank admits that it received a letter from Gibbs & Bruns LLP dated December 15, 2011. U.S. Bank further admits that it participated in the JPMorgan settlement, but otherwise denies the remaining allegations contained in Paragraph 252.

253.    U.S. Bank denies the allegations contained in Paragraph 253.

254.    U.S. Bank admits that it made repurchase demands in some of the Trusts. U.S. Bank otherwise denies the remaining allegations contained in Paragraph 254.

**4.    Defendant Has Been Involved in Repurchase Litigation Against Warrantors**

255.    U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in first and second sentence of Paragraph 255. U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 255.

256.    U.S. Bank admits that, in its capacity as trustee, it was a named plaintiff in the case referenced in Paragraph 256 as *U.S. Bank Nat'l Ass'n, as Trustee for HarborView Mortgage Loan Trust, Series 2005-10 v. Countrywide Home Loans, Inc., et al*., No. 652388/2011 (N.Y. Sup. Ct.) and admits that the statements referenced in Paragraph 256 pertaining to that case are contained in documents from the docket of that cases to the extent they are actually contained in such documents, but otherwise denies the remaining allegations contained in Paragraph 256.

257.    U.S. Bank admits that, in its capacity as trustee, it was a named plaintiff in the case referenced in Paragraph 257 as U.*S. Bank Nat'l Ass'n v. GreenPoint Mortg. Funding, Inc*., No. 600352/2009 (N.Y. Sup. Ct.) and admits that the statements referenced in Paragraph 257 pertaining to that case are contained in documents from the docket of that cases to the extent they are actually contained in such documents, but otherwise denies the remaining allegations contained in Paragraph 257.

258.    U.S. Bank admits that the statements referenced in Paragraph 258 pertaining to *U.S. Bank Nat'l Ass'n v. GreenPoint Mortg. Funding, Inc*., No. 600352/2009 (N.Y. Sup. Ct.) are

contained in documents from the docket of that case to the extent they are actually contained in such documents, but otherwise denies the remaining allegations contained in Paragraph 258.

259.    U.S. Bank admits that, in its capacity as trustee, it was a named plaintiff in the case referenced in Paragraph 259 as *U.S. Bank Nat'l Ass'n v. Morgan Stanley Mortgage Capital Holdings LLC et al.*, No. 650339/2013 (N.Y. Sup. Ct.) and admits that the statements referenced in Paragraph 259 pertaining to that case are contained in documents from the docket of that cases to the extent they are actually contained in such documents, but otherwise denies the remaining allegations contained in Paragraph 259.

260.    U.S. Bank denies the allegations contained in Paragraph 260.

## X.    DEFENDANT FAILED TO ACT PRUDENTLY FOLLOWING EVENTS OF DEFAULT

### A.  Defendant Breached the Governing Agreements By Failing to Fulfill Its Duties After Defaults and Events of Default

261.    U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 261.

262.    U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 262.

263.    U.S. Bank admits that servicers and/or master servicer sometimes modified loans in the Trusts, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 263.

264.    U.S. Bank admits that servicers and/or master servicer sometimes foreclosed on loans in the Trusts, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 264.

265.    U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 265.

266.    U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 266, but otherwise denies the remaining allegations in Paragraph 266.

267.    U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 267.

268.    U.S. Bank denies the allegations contained in Paragraph 268.

269.    U.S. Bank denies the allegations contained in Paragraph 269.

270.    U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 270.

271.    U.S. Bank denies the allegations contained in Paragraph 271.

272.    U.S. Bank denies the allegations contained in Paragraph 272.

**B.   Specific Servicer Misconduct**

273.    U.S. Bank admits that the entities named in Paragraph 273 are servicers or affiliates of servicers for certain Trusts, but otherwise denies the remaining allegations contained in Paragraph 273. With respect to Exhibit L to the FAC referenced in Paragraph 273, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but to the extent it does, (i) with respect to Paragraph 19, Paragraph 20, Paragraph 21, and Paragraph 22 of Exhibit L to the FAC, U.S. Bank admits that in 2010, the Federal Reserve System, the Office of the Comptroller of the Currency, and the Office of Thrift Supervision conducted an on-site review of U.S. Bank's foreclosure processing and admits that that review is described in a document

written by those agencies entitled, Interagency Review of Foreclosure Policies and Practices, and admits that the Interagency Review of Foreclosure Policies and Practices document contains the statements referenced in Paragraph 19, Paragraph 20, Paragraph 21, and Paragraph 22 of Exhibit L to the FAC to the extent they are actually contained in that document, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19, Paragraph 20, Paragraph 21, and Paragraph 22 of Exhibit L to the FAC, (ii) with respect to Paragraph 7, Paragraph 11, Paragraph 18, and Paragraph 26 of Exhibit L to the FAC, U.S. Bank admits that joint state-federal national mortgage servicing settlements exist, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7, Paragraph 11, Paragraph 18, and Paragraph 26 of Exhibit L to the FAC, (iii) U.S. Bank denies the allegations contained in Paragraph 33 of Exhibit L to the FAC, (iv) U.S. Bank admits that the statements referenced in Paragraph 34 of Exhibit L to the FAC pertaining to Ellsworth v. U.S. Bank, 908 F. Supp. 2d 1063 (N.D. Cal.) and Downey Savings & Loan Assoc. v. Trujillo, 32 Mis.3d 1231(A) (N.Y. Sup. Ct.) are contained in documents from the dockets of those cases to the extent they are actually contained in such documents, but otherwise denies the remaining allegations contained in Paragraph 34 of Exhibit L to the FAC, and (v) U.S. Bank otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Exhibit L to the FAC.

### C. The Master Servicers and Servicers Defaulted on Their Duty to Notify the Trustee of Breaches of the Mortgage Loan Representations and Warranties

274.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 274. With respect to Exhibit H to the FAC referenced in Paragraph 274, U.S. Bank does not believe it has an obligation to

respond to the allegations therein, but, to the extent it does, it denies the allegations contained in Exhibit H to the FAC.

275.    U.S. Bank admits that the GPMF 2007-AR1 Trust Agreement contains the statements referenced in Paragraph 275 to the extent such statements are actually contained in that document. U.S. Bank further admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 275. With respect to Exhibit H to the FAC referenced in Paragraph 275, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it denies the allegations contained in Exhibit H to the FAC.

276.    U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 276.

277.    U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 277.

278.    U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 278.

279.    U.S. Bank denies the allegations contained in Paragraph 279.

280.    U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 280.

281.    U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 281.

282. U.S. Bank denies the allegations contained in Paragraph 282.

**D. Defendant Knew That the Trusts Suffered from Widespread Master Servicer and/or Servicer Defaults**

283. U.S. Bank denies the allegations contained in Paragraph 283.

284. U.S. Bank denies the allegations contained in Paragraph 284.

285. U.S. Bank admits that it and its affiliates acted as servicer or master servicer for certain trusts. U.S. Bank further admits that in 2010, the Federal Reserve System, the Office of the Comptroller of the Currency, and the Office of Thrift Supervision conducted an on-site review of U.S. Bank's foreclosure processing, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 285.

286. U.S. Bank admits that the Federal Reserve System, the Office of the Comptroller of the Currency, and the Office of Thrift Supervision conducted an on-site review of U.S. Bank's foreclosure processing and admits that that review is described in a document written by those agencies entitled, Interagency Review of Foreclosure Policies and Practices, and admits that the Interagency Review of Foreclosure Policies and Practices document contains the statements referenced in Paragraph 286 to the extent they are actually contained in that document, but otherwise denies the remaining allegations contained in Paragraph 286.

287. U.S. Bank admits that the servicers named in Paragraph 287 are servicers for certain Trusts, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 287.

288. U.S. Bank denies the allegations contained in Paragraph 288.

289. U.S. Bank admits that it received certain reports from servicers and/or remittance reports for certain Trusts, but otherwise denies the remaining allegations contained in Paragraph 289.

290.    U.S. Bank denies the allegations contained in Paragraph 290.

291.    U.S. Bank admits that it received a letter from the Association of Mortgage Investors dated July 21, 2011 and that the letter contains the statements referenced in Paragraph 291 to the extent they are actually contained in that letter, but otherwise denies the remaining allegations contained in Paragraph 291.

292.    U.S. Bank denies the allegations contained in Paragraph 292.

## XI.    DEFENDANT HAD CONFLICTS OF INTEREST

293.    U.S. Bank denies the allegations contained in Paragraph 293.

294.    U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 294, but otherwise denies the remaining allegations contained in Paragraph 294.

295.    U.S. Bank denies the allegations contained in Paragraph 295.

296.    U.S. Bank denies the allegations contained in Paragraph 296.

297.    U.S. Bank denies the allegations contained in Paragraph 297.

298.    U.S. Bank admits that in 2010, the Federal Reserve System, the Office of the Comptroller of the Currency, and the Office of Thrift Supervision conducted an on-site review of U.S. Bank's foreclosure processing and admits that that review is described in a document written by those agencies entitled, Interagency Review of Foreclosure Policies and Practices, and admits that the Interagency Review of Foreclosure Policies and Practices document contains the statements referenced in Paragraph 298 to the extent they are actually contained in that document, but otherwise denies the remaining allegations contained in Paragraph 298.

299.    U.S. Bank admits that it entered into a Consent Order with the OCC, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 299.

300. U.S. Bank admits that the statements referenced in Paragraph 300 pertaining to *In re U.S. Bank N.A. and U.S. Bank N.A. ND*, Consent Order, AA-EC-11-18 (Apr. 13, 2011) are contained in the consent order to the extent they are actually contained in such document, but otherwise denies the remaining allegations contained in Paragraph 300.

301. U.S. Bank admits that the statements referenced in Paragraph 301 pertaining to the press release referred to as OCC to Escheat Funds from the Foreclosure Review, Terminates Orders Against Three Mortgage Servicers, Imposes Restrictions on Six Others are contained in the press release to the extent they are actually contained in such document, but otherwise denies the remaining allegations contained in Paragraph 300.

302. U.S. Bank denies the allegations contained in Paragraph 302.

303. U.S. Bank admits that the statements referenced in Paragraph 303 pertaining to the settlement agreement between U.S. Bank and the United States Department of Justice in June 2014 are contained in documents from the settlement agreement to the extent they are actually contained in such documents, but otherwise denies the remaining allegations contained in Paragraph 303.

304. U.S. Bank denies the allegations contained in Paragraph 304.

305. With respect to Exhibit I to the FAC referenced in Paragraph 305, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but to the extent it does, it incorporates by reference its response to the allegations in Exhibit I contained in Paragraph 305 as if set forth fully herein.

## XII.    THE "NO ACTION" CLAUSES DO NOT APPLY

306. U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 306.

307.     U.S. Bank denies the allegations contained in Paragraph 307.

308.     U.S. Bank denies the allegations contained in Paragraph 308.

309.     U.S. Bank denies the allegations contained in Paragraph 309.

310.     U.S. Bank denies the allegations contained in Paragraph 310.

## XIII. DEFENDANT MAY NOT USE CERTIFICATEHOLDERS' TRUST FUNDS TO DEFEND AGAINST SUITS BY TRUST-BENEFICIARY INVESTORS

### A. The Parties Entered Binding Agreements Conveying Beneficial Ownership of the Trusts to Certificateholders

311.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 311.

312.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 312.

313.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 313.

314.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 314.

315.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 315.  With respect to footnote 6, U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in footnote 6. With respect to Exhibit P to the FAC referenced in Paragraph

315, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it admits that the HVMLT 2006-4 PSA contains the statements referenced in Paragraph 315 to the extent such statements are actually contained in that document, and otherwise denies the allegations contained in Exhibit P to the FAC.

316.    U.S. Bank admits that the Transaction Documents governing each Trust have closing dates in the years 2005, 2006, and 2007. U.S. Bank further admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 316. With respect to Exhibit A to the FAC referenced in Paragraph 316, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Exhibit A to the FAC.

317.    U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 317.

318.    U.S. Bank denies the allegations contained in Paragraph 318.

319.    U.S. Bank denies the allegations contained in the first sentence of Paragraph 319. U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 319.

**B.   Defendant's Limited Right to Indemnification from Certificateholders' Trust Funds Does Not Extend to Suits By Certificateholders**

320.    U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 320.  With respect to Exhibit

P to the FAC referenced in Paragraph 320, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it admits that the HVMLT 2006-4 PSA contains the statements referenced in Paragraph 320 to the extent such statements are actually contained in that document, and otherwise denies the allegations contained in Exhibit P to the FAC.

321.    U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 321. With respect to footnote 7, U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in footnote 7.

322.    U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 322.

323.    U.S. Bank denies the allegations contained in Paragraph 323.

324.    U.S. Bank denies the allegations contained in Paragraph 324.

325.    U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 325. With respect to footnote 8, U.S. Bank admits that the HVMLT 2006-4 PSA contains the statements referenced in Paragraph 325 to the extent such statements are actually contained in that document and that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained

in footnote 8. With respect to Exhibit P to the FAC referenced in footnote 8, U.S. Bank does not believe it has an obligation to respond to the allegations therein, but, to the extent it does, it admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Exhibit P to the FAC.

326. U.S. Bank admits that, in its capacity as Trustee, it has been a named party in suits, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 326. With respect to footnote 9, U.S. Bank admits that, in its capacity as trustee, it was a named plaintiff in the cases referenced in footnote 9 as *U.S. Bank Nat. Ass'n v. Sorrentino*, 118 A.3d 607 (2015) and *U.S. Bank Nat. Ass'n v. Capparelli*, (S.D. Fla.). With respect to footnote 10, U.S. Bank admits that the article referred to in footnote 10 in Paragraph 326 as "Second Bank is Sued Over Blight" exists, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in footnote 10.

327. U.S. Bank denies the allegations contained in Paragraph 327.

**C. Defendant Is Not Entitled to Judgment-Shifting Indemnification**

328. U.S. Bank denies the allegations contained in Paragraph 328.

329. U.S. Bank denies the allegations contained in Paragraph 329.

**D. Claims in this Litigation, If Proven, Would Necessarily Establish Defendant's Negligence, and Defendant Therefore Cannot Meet Its Burden of Proving Entitlement to Indemnification**

330. U.S. Bank denies the allegations contained in Paragraph 330.

331. U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 331. With respect to Exhibit P to the FAC referenced in Paragraph 331, U.S. Bank does not believe it has an obligation to

respond to the allegations therein, but, to the extent it does, it admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Exhibit P to the FAC.

332. U.S. Bank denies the allegations contained in Paragraph 332.

333. U.S. Bank denies the allegations contained in Paragraph 333.

**E. Any Indemnification From Trust Funds Would Be Limited to Reasonable Fees and Expenses**

334. U.S. Bank denies the allegations contained in Paragraph 334.

335. U.S. Bank lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 335.

## XIV. CLAIMS FOR RELIEF

### COUNT ONE - BREACH OF CONTRACT

336. U.S. Bank incorporates by reference its responses to the allegations contained in Paragraphs 1 through 335 as if set forth fully herein.

337. U.S. Bank denies the allegations contained in Paragraph 337.

338. U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 338.

339. U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 339.

340.     U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 340.

341.     A responsive pleading is not required to the extent the allegations contained in Paragraph 341 (including all subparts thereto) concern the Dismissed Claims. U.S. Bank otherwise denies the allegations contained in Paragraph 341 (including all subparts thereto).

342.     A responsive pleading is not required to the extent the allegations contained in Paragraph 342 concern the Dismissed Claims. U.S. Bank otherwise denies the allegations contained in Paragraph 342 (including the unnamed "Exhibits" referenced therein). With respect to footnote 11 in Paragraph 342, U.S. Bank denies the first sentence of footnote 11, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 342.

343.     A responsive pleading is not required to the extent the allegations contained in Paragraph 343 concern the Dismissed Claims. U.S. Bank otherwise denies the allegations contained in Paragraph 343.

344.     U.S. Bank denies the allegations contained in Paragraph 344.

345.     A responsive pleading is not required to the extent the allegations contained in Paragraph 345 concern the Dismissed Claims. U.S. Bank otherwise denies the allegations contained in Paragraph 345.

## COUNT TWO - DECLARATORY JUDGMENT REGARDING RIGHT TO INDEMNIFICATION FROM THE TRUST FUNDS

346.     U.S. Bank incorporates by reference its responses to the allegations contained in Paragraphs 1 through 345 as if set forth fully herein.

347.     U.S. Bank denies the allegations contained in Paragraph 347.

348. U.S. Bank denies the allegations contained in Paragraph 348.

349. U.S. Bank denies Plaintiffs are entitled to any declaration.

350. U.S. Bank denies Plaintiffs are entitled to any declaration.

351. U.S. Bank denies the allegations contained in Paragraph 351.

352. U.S. Bank denies the allegations contained in Paragraph 352.

## COUNT THREE - BREACH OF CONTRACT REGARDING UNLAWFUL WITHDRAWALS FROM TRUST FUNDS AND DISGORGEMENT

353. U.S. Bank incorporates by reference its responses to the allegations contained in Paragraphs 1 through 352 as if set forth fully herein.

354. U.S. Bank admits that the Transaction Documents for each Trust contain terms setting forth rights and duties of the parties thereto and terms governing each Trust, but otherwise denies the remaining allegations contained in Paragraph 354.

355. U.S. Bank denies the allegations contained in Paragraph 355.

356. U.S. Bank denies the allegations contained in Paragraph 356.

357. U.S. Bank denies the allegations contained in Paragraph 357.

## PRAYER FOR RELIEF

U.S. Bank denies that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof on any defenses for which the burden rests upon Plaintiffs, regardless of how such defenses are denominated herein, and without waiving defenses not raised below that it need not plead at this time, U.S. Bank asserts the following defenses with respect to the FAC. U.S. Bank reserves the right to amend this Answer if additional defenses, counterclaims, or third party claims become apparent through the course of this action.

## FIRST DEFENSE

Plaintiffs fail to state a claim against U.S. Bank upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs lack standing to sue U.S. Bank because the negating clauses of many of the

Transaction Documents bar enforcement by anyone other than the listed parties, and Plaintiffs

are not a Certificateholder (as defined by the Transaction Documents).

## THIRD DEFENSE

Plaintiffs lack standing to sue U.S. Bank because the alleged written consents from

CEDE & Co. are untimely and/or ineffective.

## FOURTH DEFENSE

Plaintiffs' claims are barred to the extent the Transaction Documents for the Trusts

provide that the Trustee cannot be liable except for negligence or willful misconduct

## FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because it lacks standing to pursue

claims related to the Trusts or Transaction Documents, including to the extent Plaintiffs are not a

current Certificateholder, have assigned their claims in whole or in part, or are attempting to

pursue claims of prior Certificateholders not assigned to them.

## SIXTH DEFENSE

Plaintiffs' claims against U.S. Bank are barred, in whole or in part, by the applicable

statute of limitations.

## SEVENTH DEFENSE

To the extent Plaintiffs seek equitable relief against U.S. Bank, they are not entitled to

that relief because they have an adequate remedy at law.

## EIGHTH DEFENSE

In the event Plaintiffs recover a verdict, judgment, or settlement against U.S. Bank, or any party to the Transaction Documents, for any past or future claimed economic loss, that verdict, judgment or settlement must be reduced by any applicable collateral source or recovery and any double recovery is prohibited.

## NINTH DEFENSE

Plaintiffs' claims against U.S. Bank are barred, in whole or in part, because U.S. Bank did not breach any of its purported duties alleged in the FAC, whether imposed by the Transaction Documents, common law, or statute, if at all, and U.S. Bank's conduct did not, directly or indirectly, constitute unlawful acts.

## TENTH DEFENSE

Plaintiffs' claims against U.S. Bank are barred, in whole or in part, because U.S. Bank is not bound to make any investigation into the facts or matters stated in any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, approval, bond, or other paper or document, unless requested in writing to do so by a certain percentage of Certificateholders and there is no allegation that U.S. Bank received such direction.

To the extent Plaintiffs claim that U.S. Bank was required to investigate based on Section 8.02(v) of the PSAs for the HVMLT 2005-1, HVMLT 2005-2, HVMLT 2005-3, HVMLT 2005-8, HVMLT 2005-10, HVMLT 2005-16, and HVMLT 2006-4 Trusts (the "Harborview Trusts"), that provision is the result of a mutual mistake in drafting by the Sponsor and other parties to the PSAs, including U.S. Bank. The parties intended for the provision to read that "the Trustee shall not be bound to make an investigation into the facts or matters . . ." Plaintiffs knew or should have known of that error because Plaintiffs invested in many RMBS transactions with similar

language.  And the syntax of the sentence does not make sense as an imperative directed at U.S. Bank.  Plaintiffs have not relied on this error and could not have reasonably relied on this error.

## ELEVENTH DEFENSE

Plaintiffs' claims against U.S. Bank are barred, in whole or in part, because U.S. Bank is not liable for any action it takes or omits to take in good faith, which it believes to be authorized or within the rights or powers conferred upon it by the Transaction Documents, and U.S. Bank acted in good faith at all times.

## TWELFTH DEFENSE

Plaintiffs' claims against U.S. Bank are barred, in whole or in part, because U.S. Bank is not liable for any error of judgment made in good faith by a Responsible Officer (as defined in the Transaction Documents) and U.S. Bank's Responsible Officers acted in good faith at all times.

## THIRTEENTH DEFENSE

Plaintiffs' claims against U.S. Bank are barred, in whole or in part, because U.S. Bank is not deemed to have actual knowledge or notice of any matter unless actually known by a Responsible Officer, or unless U.S. Bank or a Responsible Officer of U.S. Bank receives written notice as required in the Transaction Documents, and no Responsible Officer of U.S. Bank had actual knowledge or received written notice of the wrongdoing alleged in the FAC.

## FOURTEENTH DEFENSE

Plaintiffs' claims against U.S. Bank are barred, in part, because no default or Event of Default (as defined in the Transaction Documents) has occurred under the Transaction Documents for certain Trusts.

## FIFTEENTH DEFENSE

Plaintiffs' claims against U.S. Bank are barred, in whole or in part, because Plaintiffs has not sustained any injury-in-fact or damages as a consequence of U.S. Bank's alleged actions or inactions. To the extent Plaintiffs have suffered any injuries at all, such injuries were caused by market forces, their own investment decisions, and/or the actions or omissions of others.

## SIXTEENTH DEFENSE

Plaintiffs' claims against U.S. Bank are barred, in whole or in part, because U.S. Bank received and was entitled to rely and be protected in acting or refraining from acting upon any resolution, Officer's certificate, certificate of auditors or any other certificate, statement, instrument, opinion, report, notice, request, consent, order, approval, bond or any other paper or document believed by U.S. Bank to be genuine and to have been signed or presented by the proper party or parties.

## SEVENTEENTH DEFENSE

Plaintiffs' claims against U.S. Bank are barred, in whole or in part, because the Transaction Documents for certain of the Trusts at issue expressly exculpate U.S. Bank from any liability for losses on investments of amounts in any Account (as the term is defined in the applicable Transaction Document).

## EIGHTEENTH DEFENSE

Plaintiffs' claims against U.S. Bank are barred, in whole or in part, because parties other than the trustee (e.g., servicers, master servicers, or depositors), or no parties, were charged with enforcing the alleged breaches at issue, and the trustee may not be held liable for the acts or omissions of those parties or for duties not expressly assigned to the trustee under the Transaction Documents.

## NINETEENTH DEFENSE

Plaintiffs' claims against U.S. Bank are barred, in whole or in part, by laches, to the extent that Plaintiffs were aware of any of the claims and/or allegations made in the FAC and failed to notify U.S. Bank about them prior to filing suit. Plaintiffs have sufficient knowledge to provide notice to U.S. Bank, to obtain sufficient Certificateholder support to direct U.S. Bank, or to indemnify U.S. Bank for the costs of taking the actions Plaintiffs alleges U.S. Bank should have taken. Because Plaintiffs failed to take such actions, and U.S. Bank has been prejudiced by Plaintiffs' delay, Plaintiffs' claims are barred by the doctrine of laches.

## TWENTIETH DEFENSE

Plaintiffs' claims against U.S. Bank are barred, in whole or in part, by estoppel, to the extent that Plaintiffs—or their predecessors—were aware of any of the allegations of wrongdoing, abuses, violations, or breaches by sellers, servicers, or other entities made in the FAC and failed to adequately notify U.S. Bank about them prior to filing suit. U.S. Bank has been prejudiced by Plaintiffs' conduct.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims against U.S. Bank are barred, in whole or in part, by the doctrine of waiver because Plaintiffs voluntarily abandoned their claims against the trustee of each Trust.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims against U.S. Bank are barred, in whole or in part, because U.S. Bank relied upon the work, advice, professional judgment, and opinions of others upon which it was entitled to rely as a trustee.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims against U.S. Bank fail because, at all times relevant to the FAC, U.S. Bank complied with all applicable federal and state regulations.

## TWENTY-FOURTH DEFENSE

Plaintiffs' claims against U.S. Bank fail because any and all actions taken by U.S. Bank with respect to any of the matters alleged in the FAC were taken in accordance with established industry practice.

## TWENTY-FIFTH DEFENSE

Plaintiffs' claims against U.S. Bank are barred, in whole or in part, due to the failure of an express condition precedent, including the failure of Certificateholders possessing the requisite ownership in the Trusts at issue to provide direction and indemnification to U.S. Bank to pursue any action of any allegedly breaching party (e.g., originators, sellers, servicers, or master servicers).

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims against U.S. Bank are barred, in whole or in part, to the extent they are based on the theory that U.S. Bank failed to take required action that U.S. Bank did, in fact, undertake.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims against U.S. Bank are barred, in whole or in part, to the extent that any enforcement action by U.S. Bank against an allegedly breaching party (e.g., sellers, servicers, or master servicers) would not have yielded any recovery for the Trusts at issue due to the insolvency of the allegedly breaching party or for any other reason.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' asserted damages against U.S. Bank, if any, were proximately caused by independent, superseding, or intervening actions or inactions of parties or entities other than U.S. Bank (e.g., originators, sellers, servicers, or master servicers), or parties or entities over whom U.S. Bank had no authority or control.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims for damages against U.S. Bank are barred or should be reduced based on Plaintiffs' failure to mitigate their damages.

## THIRTIETH DEFENSE

Plaintiffs may not recover for investment losses for trusts where the applicable Transaction Documents preclude the recovery of consequential damages.

## THIRTY-FIRST DEFENSE

To the extent that U.S. Bank is found liable to Plaintiffs for any damages, U.S. Bank is entitled to contractual indemnity, pursuant to the terms of the Transaction Documents, or common law indemnity from other parties or entities.

## THIRTY-SECOND DEFENSE

To the extent that U.S. Bank is found liable to Plaintiffs for any damages, U.S. Bank is entitled to contribution from other parties or entities.

## THIRTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, under the doctrines of res judicata and collateral estoppel.

## THIRTY-FOURTH DEFENSE

Plaintiffs' claims contradict, and are expressly barred, in whole or in part, by the terms of the Transaction Documents.

## THIRTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because U.S. Bank never assumed certain of the purported duties alleged in the FAC.

## THIRTY-SIXTH DEFENSE

Plaintiffs' claims are barred by unclean hands or in pari delicto.

## THIRTY-SEVENTH DEFENSE

Plaintiffs' asserted damages are barred, in whole or in part, because the alleged damages, if any, are too remote and/or speculative to allow recovery and/or because determining whether, or to what extent, Plaintiffs were damaged is impossible.

## THIRTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that they have been released, settled, resolved through an accord and satisfaction, waived, or otherwise compromised.

## THIRTY-NINTH DEFENSE

Plaintiffs' claims fail because they are too remote and speculative to form the basis for relief.

## FORTIETH DEFENSE

Plaintiffs' claims for damages are barred or should be reduced based on the culpable conduct attributable to Plaintiffs pursuant to N.Y. C.P.L.R. § 1411.

## FORTY-FIRST DEFENSE

Plaintiffs' claims for damages are barred in whole or in part based on Plaintiffs' comparative fault or negligent conduct.

## FORTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Transaction Documents' no-action clauses.

## FORTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by champerty, maintenance, or barratry.

## FORTY-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by ratification.

## FORTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by judicial estoppel, including to the extent Plaintiffs are alleging that U.S. Bank has duties that Plaintiffs have previously acknowledged U.S. Bank does not have in other proceedings.

## FORTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that its claims are predicated on loans that caused losses to the Trusts that were covered by monoline insurers.

## FORTY-SEVENTH DEFENSE

Plaintiffs are barred from collecting, as damages, any amounts that could not have been collected by U.S. Bank from any warrantor or other obligated party or its affiliates, during the relevant time period.

### FORTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if they were allowed to recover any of the relief sought in the FAC.

### FORTY-NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs, or the prior Certificateholders whose claims Plaintiffs purport to bring, engaged in hedging or other loss mitigation activity related to Plaintiffs' investments in the Trusts that offset its losses.

### FIFTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to exercise any applicable rights they may have had under the governing agreements for the Trusts.

### FIFTY-FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack capacity to sue.

### FIFTY-SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack contractual standing.

### FIFTY-THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by forfeiture.

### FIFTH-FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by acquiescence.

### FIFTY-FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of impossibility and/or impracticability, including but not limited to the extent that any enforcement action Plaintiffs contend should have been taken by U.S. Bank against an allegedly responsible party would not

have yielded any recovery for the Trusts due to the insolvency of the allegedly responsible party or for any other reason.

## FIFTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs enjoyed the benefit of a guarantee from a third party.

## FIFTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because an Event of Default cannot arise from the failure of Countrywide Home Loans duly to observe or perform in any material respect any of the covenants or agreements on the part of Countrywide Home Loans as Seller under the Master Mortgage Loan Purchase and Servicing Agreement ("MMLPSA") or Originator under the Pooling and Servicing Agreements or Pooling Agreements ("PSAs") for the Harborview Trusts. To the extent Plaintiffs claim that Countrywide Home Loans' failure to perform ripened into an Event of Default under Section 14.01 of the MMLPSA, as modified by the Reconstituted Serving Agreements ("RSAs"), that provision is the result of a mutual mistake in drafting the PSAs and RSAs by the parties thereto. The parties to the PSAs and RSAs did not intend that seller breaches or failures could give rise to Events of Default that required U.S. Bank to act as a prudent person and empowered U.S. Bank to terminate the servicer.

According to Section 14.01(ii) of the MMLPSA, an Event of Default arises, after notice and a lapse of time, from the "failure on the part of the Seller duly to observe or perform in any material respect any other of the covenants or agreements on the part of the Seller set forth in this [MMLPSA]…." MMLPSA § 14.01(ii). Sections 14.01(iii)-(v) of the MMLPSA describe Events of Default related to the Seller's solvency, and sections 14.01(vi)-(ix) of the MMLPSA describe

Events of Default related to the Seller's ability to service the loans underlying the Harborview Trusts.

Countrywide Home Loans, the loan originator, is defined as the "Seller" under the MMLPSA. The MMLPSA also provided that the Seller would service the loans "as servicer." Prior to the execution of the PSAs and RSAs, however, Countrywide Home Loans assigned its servicing responsibilities to Countrywide Home Loans Servicing LP ("Countrywide Servicing"). The RSAs were executed for the purpose of modifying the MMLPSA to account for the transfer of servicing responsibilities from Countrywide Home Loans to Countrywide Servicing. Accordingly, the PSAs and RSAs define Countrywide Servicing as the "Servicer."

Once the Seller no longer was the servicer, the parties to the PSAs and RSAs intended for Events of Default to arise from the conduct of Countrywide Servicing as Servicer. In drafting the PSAs and RSAs, the parties intended to modify each reference to "Seller" in Section 14.01 of the MMLPSA to refer to the "Servicer," but mistakenly failed to do so. Likewise, the reference to "FNMA or FHLMC seller/servicer" in Section 14.01(vii) of the MMLPSA was intended to refer to "FNMA or FHLMC servicer" once the Servicer was no longer both a seller and servicer. To be consistent, any other references in the Transaction Documents to defaults and Events of Default "by the Seller"—including in Section 13.03 of the MMLPSA and Section 14.02 of the MMLPSA—were intended to be modified to refer to defaults or Events of Default "by the Servicer."

The RSAs also clarified that Section 14 of the MMLPSA entitles the Trustee to "terminate the rights and obligations of Countrywide Servicing." Consistent with the termination of the Servicer in Section 14 of the MMLPSA, the parties intended to remove the phrase "place in such successor's possession all Mortgage Files" in the last paragraph of Section

14.01 of the MMLPSA since the Servicer did not possess the Mortgage Files, but mistakenly failed to do so.

Plaintiffs knew or should have known of these errors, but have not relied on the errors and could not have reasonably relied on them. The offering documents for each of the Harborview Trusts define Event of Default as "any failure by the servicer to observe or perform in any material respect any other of its covenants or agreements in the servicing agreement . . . ." The offering documents make no reference to Events of Default arising from the conduct of Countrywide Home Loans. Further, the Transaction Documents, as written, do not make sense with respect to the meaning of Event of Default. There is no reason why an Event of Default based on the failure of the *Seller* may cause the *Servicer* to be terminated under the PSAs and RSAs.

**FIFTY-EIGHTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Countrywide Home Loans had no obligation to provide an annual statement as to compliance regarding Countrywide Home Loans' servicing obligations, as described in Section 11.25 of the Servicing Addendum to the MMLPSA for the Harborview Trusts. To the extent that Plaintiffs claim otherwise, that provision is the result of a mutual mistake in drafting the RSAs for the Harborview Trusts by the parties thereto.

Countrywide Home Loans, the loan originator, is defined as the "Seller" under the MMLPSA. The MMLPSA also provided that the Seller would service the loans "as servicer." Prior to the execution of the PSAs and RSAs, however, Countrywide Home Loans assigned its servicing responsibilities to Countrywide Servicing. The RSAs were executed for the purpose of modifying the MMLPSA to account for the transfer of servicing responsibilities from

Countrywide Home Loans to Countrywide Servicing. Under the RSAs, "Countrywide Servicing agrees, with respect to the servicing of the Serviced Loans, to perform and observe the duties, responsibilities and obligations that are to be performed and observed by the Seller" under the MMLPSA and RSAs. Accordingly, the PSAs and RSAs for the Harborview Trusts define Countrywide Servicing as the "Servicer."

Once the Seller no longer was the servicer, the parties to the RSAs intended for the statement as to compliance described in Section 11.25 of the MMLPSA's Servicing Addendum to be provided by or on behalf of the Servicer and to address the servicing activities of the Servicer. Section 11.25 of the MMLPSA's Servicing Addendum, as modified by the RSAs, mistakenly refers to a statement as to compliance concerning the servicing activities of the Seller.

Plaintiffs knew or should have known of that error, but have not relied on the error and could not have reasonably relied on it. The RSAs make clear that Countrywide Home Loans transferred all servicing responsibilities to Countrywide Servicing. Plaintiffs acknowledge in their Complaint that Countrywide Servicing serviced the loans underlying the Harborview Trusts and do not allege that Countrywide Home Loans acted as Servicer of the Harborview Trusts. In all instances during the parties' course of conduct, the annual servicing compliance statements addressed the servicing activities of the servicers of the Harborview Trusts, not the Seller. It does not make sense for the Transaction Documents to require a servicing compliance statement regarding a party who has no servicing obligations.

\* \* \*

U.S. Bank gives notice that it intends to rely upon any additional defenses that are now or may become available or appear during, or as a result of, discovery in this action. U.S. Bank reserves its right to amend this Answer to assert those defenses.

Dated:  October 14, 2021
       Boston, Massachusetts

Respectfully submitted,

/s/ David F. Adler

David F. Adler
Michael T. Marcucci
JONES DAY
100 High Street, 21st Floor
Boston, Massachusetts 02110-1781
(617) 960-3939; (617) 449-6999 (fax)
dfadler@jonesday.com
mmarcucci@jonesday.com

Louis A. Chaiten
Shimshon Balanson
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
(216) 586-3939; (216) 579-0212 (fax)
lachaiten@jonesday.com
sbalanson@jonesday.com

Albert J. Rota
JONES DAY
2727 North Harwood St.
Dallas, Texas 75201
(214) 220-3939; (214) 969-5100 (fax)
ajrota@jonesday.com

*Attorneys for Defendant U.S. Bank National Association*

## DECLARATION OF SERVICE

I, David F. Adler, an attorney admitted to practice before the bar of this Court, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that on October 14, 2021 I caused a true and correct copy of the foregoing Answer and Affirmative and Other Defenses of Defendant U.S. Bank National Association to Plaintiffs' Fifth Amended Complaint to be served upon all counsel registered to receive electronic notices in this action via the United States District Court for the Southern District of New York's ECF system.


Dated: October 14, 2021
       Boston, Massachusetts


                        Respectfully submitted,

                        /s/ David F. Adler
                        David F. Adler