```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE   ED:  3/28/23
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NATIONAL CREDIT UNION ADMINISTRATION
BOARD AND GRAEME W. BUSH,

                      Plaintiffs,

    - against -

U.S. BANK NATIONAL ASSOCIATION,

                      Defendant.

18 Civ. 11366 (LLS)

OPINION & ORDER

U.S. Bank requests that the Court seal Exhibit 74 to the Declaration of Michel T. Marcucci in Support of U.S. Bank's Motion for Partial Summary Judgment and Exhibit 20 to the Declaration of Shimshon Balanson in Opposition to NCUA's Motion for Partial Summary Judgment because the exhibits contain the "names of non-parties who have not consented to being publicly identified in connection with this litigation." (Dkt. No. 152).

Documents submitted in connection with a motion for summary judgment are "judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment" and "should not remain under seal absent the most compelling reasons." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119, 121 (2d Cir. 2006). "Sealing of the documents may

be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Id. at 124.

The "privacy interests of innocent third parties" is a higher value that may merit sealing and "should weigh heavily in a court's balancing equation." In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023). However, to justify sealing on that ground, U.S. Bank must concretely and specifically describe the harm to the non-parties that will occur if their privacy is infringed upon. Id. "[B]road allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy" the sealing requirements. Id. (alteration in the original).

As U.S. Bank does not describe how the non-parties would be concretely harmed if their names were publicly revealed, its motion to seal is denied. In re Google Digital Advert. Antitrust Litig., 2021 WL 4848758, at *3 (S.D.N.Y. Oct. 15, 2021).

So ordered.

Dated:   New York, New York
         March 28, 2023

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.