USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 3/29/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NATIONAL CREDIT UNION ADMINISTRATION
BOARD AND GRAEME W. BUSH,

                      Plaintiffs,

    - against -

U.S. BANK NATIONAL ASSOCIATION,

                      Defendant.

18 Civ. 11366 (LLS)

OPINION & ORDER

NCUA seeks to seal portions of (1) NCUA's Motion for Partial Summary Judgment and accompanying documents; (2) NCUA's opposition to U.S. Bank's Motion for Partial Summary Judgment and accompanying documents; and (3) NCUA's Reply in Support of its Motion for Partial Summary Judgment and accompany documents (the "motion papers"). Specifically, NCUA seeks to redact the personal information of non-parties that is referenced in the motion papers, and seal in full documents that contain voluminous amounts of personal information of non-parties and documents that confidential financial and commercially sensitive information concerning non-parties.

1

NCUA additionally seeks permission to docket certain voluminous exhibits as "slip sheets"[1] only, while providing the court with the exhibits via USB stick for the official record. As this would effectively shield the documents from public view, this request will be considered a motion to seal.

Documents submitted in connection with a motion for summary judgment are "judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment" and "should not remain under seal absent the most compelling reasons." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119, 121 (2d Cir. 2006). "Sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Id. at 124. With these general principles in mind, each of NCUA's requests is addressed in turn.

1. Request to Redact Nonpublic Personal Information of Nonparties in the Motion Papers

NCUA has failed to provide the court with the specific portions of the motion papers it requests to be sealed; however, NCUA filed several exhibits on the docket under seal. See

---

[1] A "slip sheet" is simply a sheet of paper that states nothing except the exhibit number.

2

Appendix A. Only those exhibits are considered. To the extent that NCUA requests other documents be redacted or sealed fully, the request is denied without prejudice.

The protection of personal identifying information of non-parties is a higher value that merits sealing. In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023). Here, the redacted documents are exception reports for various trusts at issue in this litigation. Those documents show the names, loan numbers, lending account numbers, and, in some cases, the personal addresses or places of employment of individuals, who are not party to this litigation. Clear harm could result from releasing that information to the public.

The motion to seal is granted on to all exhibits except exhibits number 96, 98, 100, 101, 104, 110, 120, 292, 327-246. It is not clear from a review of those exhibits what personal identifying information of non-parties would be revealed. However, given the high risk of exposing the personal banking and identifying information of non-parties that is potentially contained in those documents, NCUA's motion to seal is denied without prejudice. NCUA is directed to file a renewed motion to seal within two weeks of this order that concretely describes what harm will occur if the information in those exhibits is made public. The documents will remain sealed in the interim.

2. <u>Request to Seal Exhibits Containing Voluminous Amounts of Nonpublic Personal Borrower Information</u>

The twenty seven exhibits requested to be sealed in full due to the voluminous amounts of nonpublic personal non-party information were all included in NCUA's first request that was addressed <u>supra</u>. Aside from Exhibit 107, the motion to seal those exhibits was denied without prejudice.

While some of the information in those exhibits may be redacted upon reconsideration because it contains the personal information of non-parties, the exhibits will not be sealed in full. Most of the exhibits at issue are excel spreadsheets created by NCUA for the purpose of this litigation. A review of the exhibits shows that most of the information in the spreadsheets is not personal identifying information of non-parties and should not be sealed. Additionally, given that NCUA created the spreadsheets, redacting only the portions of the spreadsheet that include personal identifying information does not seem impractical.

As such, NCUA's request to seal these exhibits in full is denied. NCUA is directed to file a renewed motion to seal these exhibits within two weeks of this order with proposed redactions.

3. Request to Seal Exhibits Containing Financially and Commercially Sensitive Information Concerning Non-Parties

NCUA requests the Court seal Libra Exhibit 292 and Libra Exhibit 120 because they contain "information concerning non-parties' financial holdings and descriptions of commercially sensitive correspondence in contemplation of litigation."

Though the need to protect sensitive commercial information and the financial holdings of non-parties may merit sealing, the requesting party must still make a specific on-the-record showing of concrete harm in order to justify sealing. In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023). As NCUA has failed to make such a showing and confidential financial and commercial information of the non-parties is not clear on the face of those exhibits, NCUA's motion to seal is denied without prejudice.

NCUA is directed to file a renewed motion to seal within two weeks of this order providing an explanation of how those exhibits reveal the financial holdings of non-parties. The documents will remain sealed in the interim.

4. Request to File Exhibits as Slip Sheets

NCUA's request to file exhibits as slip sheets only is denied. At the outset, NCUA has failed to inform the court which exhibits that request applies to. That failure prevents the court from making on-the-record findings that the information in

5

those exhibits should be sealed. In any event, difficulty uploading documents to the public docket is not a higher value that merits sealing. NCUA is directed to upload those exhibits to the public docket within two weeks of this order.

    So ordered.

Dated:    New York, New York
           March 29, 2023

*Louis L. Stanton*
LOUIS L. STANTON
U.S.D.J.

## Appendix A

NCUA filed the following exhibits to Libra's Declaration in Support of its Motion for Partial Summary Judgment under seal: 44, 46, 48, 50, 52, 54, 56, 58, 59, 62, 63, 64, 65, 68, 70, 71, 73, 74, 76, 77, 79, 80, 82, 83, 85, 88, 89, 91, 93, 96, 98, 100, 101, 104, 107, 110, 120, and 121.

NCUA filed the following exhibits to Libra's Declaration in Opposition to U.S. Bank's Motion for Partial Summary Judgment under seal: 186, 188, 189, 191, 192, 194, 196, 292, 321, 322, and 327-46.