USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/14/23

April 12, 2023

**Via ECF**
Honorable Louis L. Stanton
United States District Court, S.D.N.Y.
500 Pearl Street, Room 1010
New York, NY 10007

Re: *NCUA, et al. v. U.S. Bank N.A.*, No. 18-cv-11366 (LLS)

Dear Judge Stanton:

We represent the National Credit Union Administration Board, as liquidating agent for certain corporate credit unions ("NCUA"), in the above-referenced action. We write in response to the Court's March 29, 2023 order regarding NCUA's request to seal certain summary judgment exhibits (the "Order").

## I. NCUA Withdraws Its Request to Seal for Most Exhibits

Pursuant to the Order and upon further review, NCUA will no longer to seek to seal the following previously sealed summary judgment exhibits: 1) Exhibits 100, 110, 120, and 123 to the Declaration of John A. Libra submitted with Plaintiffs' Motion for Partial Summary Judgment on March 15, 2022 (ECF Nos. 176-179); and 2) Exhibits 198, 292, 318, 319, 320, 323, and 327-346 to the Declaration of John A. Libra submitted with Plaintiffs' Opposition to U.S Bank's Motion for Summary Judgment on March 15, 2022 (ECF Nos. 165-168).[1] NCUA will file new supplemental declarations for each motion with these exhibits.

## II. NCUA Renews Its Motion to Seal for Four Exhibits

NCUA renews its motion seeking the Court's permission to file Exhibits 96, 98, 101, and 104 to the Declaration of John A. Libra submitted with Plaintiffs' Motion for Partial Summary Judgment on March 15, 2022 in a partially redacted form to remove nonpublic personal information (the "At-Issue Exhibits"). NCUA's supplemental declaration for Plaintiffs' Motion for Partial Summary Judgment will include redacted versions of these exhibits and NCUA will also file under seal unredacted versions that show the proposed redactions in red font to highlight the proposed redactions.

Courts enjoy "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents." *Geller v. Branic Int'l Reality Co.*, 212 F.3d 734, 738 (2d Cir. 2000). In considering whether to allow parties to file documents under seal, the Court must determine whether the interest in public access to the documents outweighs

*[handwritten annotation: These may be redacted as proposed. Louis L. Stanton 4/13/23]*

---

[1] Libra Exhibits 120 and 292 are documents U.S. Bank had requested be filed under seal. For these exhibits, NCUA requested U.S. Bank's position on sealing them in light of the Order, and U.S. Bank agreed that NCUA need not pursue sealing.

the privacy interests of the party seeking to file the documents under seal. *See Lugosch v Pyramid Co. of Onodonaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Specifically with respect to personal financial information, courts have found such information private and granted motions to seal. *See Strauss v. Credit Lyonnais, S.A.*, No. 06-cv-702, 2011 WL 4736359, at *4 (E.D.N.Y. 2011) ("Both financial records and certain reports by banks to government authorities have historically not been subject to public access in the United States"); *United States Sec. & Exch. Comm'n v. Ahmed*, No. 15-cv-675, 2018 WL 4266079, at *2 (D. Conn. 2018) ("[F]inancial records . . . are among those privacy interests which may support sealing of documents.") (internal quotations omitted); *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 629 (S.D.N.Y. 2011) (listing "sensitive personal financial information" as a category of financial information that is sufficient to overcome the presumption of public access) (citations omitted).

The Gramm-Leach Bliley Act ("Gramm-Leach-Bliley") requires that, as a general rule, "financial institution[s] [] not disclose nonpublic personal information to a nonaffiliated third party." Gramm-Leach-Bliley, § 502 (b)(1), 15 U.S.C. § 6802(b)(1). Likewise, federal courts recognize the need to protect the personal identifiable information of non-affiliated third parties. *See Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (allowing redaction of information relating to "customer names, account numbers, and pricing information"); *see also SOHC, Inc. v. Zentis Sweet Ovations Holding LLC*, No. 14-cv-2270, 2014 WL 5643683, at *5 (S.D.N.Y. Nov. 4, 2014) (allowing redaction of customer information that is "not relevant to the parties' legal dispute and implicate legitimate privacy interests"). And as this court has noted: "[t]he protection of personal identifying information of non-parties is a higher value that merits sealing." Order, at 3; *see also, In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 2023 WL 196134, at *4 (S.D.N.Y. Jan. 17, 2023).

Here, Plaintiffs only seek to redact nonpublic personal information from the four At-Issue Exhibits. The At-Issue Exhibits are forensic review spreadsheets containing detailed findings of breaches of representations and warranties ("R&Ws"). These R&W breach findings contain various nonpublic personal information, including borrowers' names, personal addresses, places of employment, loan numbers, and at times the names of borrowers' relatives and business associates. Plaintiffs request sealing of this information because it is nonpublic personal information of the very type that courts have held is "not relevant to the parties' legal dispute and implicate legitimate privacy interests." *SOHC*, 2014 WL 5643683, at *5. Further, this nonpublic personal information is related to individuals that are not parties to this litigation, and "[c]lear harm could result from releasing that information to the public." Order, at 3.

\* \* \*

Plaintiffs respectfully request that the Court grant Plaintiffs' motion to redact the nonpublic personal borrower information found in the At-Issue Exhibits.

Honorable Louis L. Stanton
April 12, 2023
Page 3

>Respectfully submitted,
>
>John A. Libra
>*Counsel for the National Credit Union
>Administration Board as liquidating agent*

Honorable Louis L. Stanton
April 12, 2023
Page 3

Respectfully submitted,

John A. Libra
*Counsel for the National Credit Union
Administration Board as liquidating agent*