ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/26/23

NATIONAL CREDIT UNION ADMINISTRATION
BOARD AND GRAEME W. BUSH,

           Plaintiffs,

- against -

U.S. BANK NATIONAL ASSOCIATION,

           Defendant.

18 Civ. 11366 (LLS)

MEMORANDUM & ORDER

Defendant U.S. Bank National Association ("U.S. Bank") moves for reconsideration of this Court's March 30, 2023 summary judgment decision on the narrow issue of the applicable statute of limitations.

In that decision, the Court held the plaintiff's, National Credit Union Administration Board ("NCUA") claims accrued when U.S. Bank failed to fulfill its duty to enforce when U.S. Bank lost its ability to enforce by filing repurchase litigation. U.S. Bank asks this Court to reconsider its decision and hold NCUA's enforcement claims accrued a "reasonable time" after U.S. Bank's duty to enforce arose, and that "reasonable time" should be determined by a factfinder. Essentially, U.S. Bank says that

the statute of limitations is not a matter of law, but a matter of fact.

A motion for reconsideration is "an extraordinary remedy to be employed sparingly in the interests of finality." Drapkin v. Mafco Consol. Grp., Inc., 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011). A motion for reconsideration is appropriate when "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusions reached by the court. Lifschitz v. Hexion Specialty Chemicals, Inc., 2009 WL 734040, at *1 (S.D.N.Y. Mar. 18, 2009).

However, motions for reconsideration "should not be made reflexively in order to reargue 'those issues already considered when a party does not like the way the original motion was resolved.'" Gibson v. Comm'r of Mental Health, 2009 WL 331258, at *2 (S.D.N.Y. Feb. 11, 2009) (internal citations omitted). And, a motion for reconsideration may not "repeat 'arguments already briefed, considered and decided.'" In re Facebook, Inc., IPO Sec. & Derivative Litig., 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014), aff'd sub nom. Lowinger v. Morgan Stanley & Co. LLC, 841 F.3d 122 (2d Cir. 2016).

U.S. Bank's Motion for Reconsideration fails to pass that high bar. U.S. Bank's motion consists of arguments regarding the statute of limitations that were already presented to this Court

and briefed at length, both in the party's cross-motions for summary judgment and in supplemental authority letters. Disagreement with this Court's decision on those arguments is an inappropriate ground for reconsideration.

U.S. Bank alleges that the Court overlooked portions of the First Department's decision in IKB International, S.A. v. Wells Fargo Bank, N.A., 208 A.D.3d 423, 429 (1st Dep't 2022). But the Court carefully reviewed the entirety of that decision when considering U.S. Bank's and NCUA's cross motions for summary judgment and adopted the portion of the IKB opinion that was most persuasive.[1]

U.S. Bank also points to the First Department's recent decision in MLRN LLC v. U.S. Bank, Nat'l Ass'n, 217 A.D.3d 576 (N.Y. App. Div. June 22, 2023) to support its substantive argument that the statute of limitations is a question of fact. However, while that decision is persuasive authority, it is not binding on this Court, particularly when there is reason to believe the New York Court of Appeals may decide the issue differently. Licci ex rel. Licci v. Lebanese Canadian Bank, SAL,

---

[1] The Court also did not adopt IKB's analysis as it relates to whether a "duty to enforce" exists in trusts that do not explicitly provide for that duty. After this Court issued its summary judgment decision, the New York Court of Appeals also rejected the analysis in IKB on that point. IKB Int'l, S.A. v. Wells Fargo Bank, N.A., 2023 WL 4002324, at *4 (N.Y. June 15, 2023).

3

739 F.3d 45, 48 (2d Cir. 2013) ("[E]ven in diversity cases [the Supreme] Court has ... held that while the decrees of lower state courts should be attributed some weight ... the decision is not controlling ... where the highest court of the State has not spoken on the point.") (alteration in the original) (quoting Comm'r v. Bosch's Est., 387 U.S. 456, 465 (1967)). Given the varying theories of the statute-of-limitations of claims as they relate to residential mortgage-backed securities claims, which evolved even over the course of the briefing of the summary judgment motions in this case, there is reason to believe that the New York Court of Appeals may set a new standard.

The motion for reconsideration is denied.

So ordered.

Dated:   New York, New York
         July 26, 2023

                                    _____Louis L. Stanton_____
                                         LOUIS L. STANTON
                                            U.S.D.J.